HENRY PLUMMER, EMPLOYEE v. HENDERSON STORAGE COMPANY, EMPLOYER; AETNA LIFE & CASUALTY COMPANY, CARRIER

No. COA94-738

Filed 16 May 1995

**1. Workers' Compensation § 435 (NCI4th)— authority of deputy commissioner to rescind award**

The Workers' Compensation Act vested the deputy commissioner with the inherent authority to set aside his opinion and award, and the deputy commissioner did not abuse his discretion in rescinding his inadvertently issued opinion and award to give defendants the opportunity to depose plaintiff's physician.

**Am Jur 2d, Workers' Compensation § 651.**

---

**2. Workers' Compensation § 454 (NCI4th)— claimant's credibility—denial of claim proper**

The Industrial Commission did not err in denying plaintiff's claim on the ground that plaintiff's testimony was not credible, since the Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony and may reject a witness's testimony entirely if warranted by disbelief of that witness.

**Am Jur 2d, Workers' Compensation §§ 708, 709.**

Appeal by plaintiff from Opinion and Award of the North Carolina Industrial Commission filed 22 March 1994. Heard in the Court of Appeals 23 March 1995.

*J. Henry Banks for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Steven M. Sartorio, for defendant-appellee.*

MARTIN, MARK D., Judge.

Plaintiff suffered an injury while performing his duties as an employee of defendant Henderson Storage Company (Henderson) and filed a claim for compensation with the Industrial Commission. On 12 May 1993 the Deputy Commissioner entered an Opinion and Award finding plaintiff's claim compensable. On 21 July 1993 the Deputy Commissioner rescinded his earlier Opinion and Award. On 26 October 1993 the Deputy Commissioner entered an Opinion and Award denying plaintiff's claim. The Full Commission affirmed the Deputy Commissioner's Opinion and Award denying plaintiff's claim. We affirm.

In 1991 plaintiff was a manager at Henderson Storage Company. On 8 October 1991 plaintiff allegedly injured his left knee while running to answer the telephone at Henderson. Plaintiff thereafter filed a claim under the North Carolina Workers' Compensation Act. On 23 March 1993 a hearing was held before Deputy Commissioner Edward Garner, Jr.

On 31 March 1993 Deputy Commissioner Garner entered an order allowing defendants thirty days to depose Dr. Michael Smith, the physician who initially saw the plaintiff for his complaints of left knee pain. Dr. Smith was not available for deposition until 11 May 1993. By letter dated 23 April 1993, defendants asked Deputy Commissioner

Garner for an extension until 11 May 1993 to depose Dr. Smith. On 10 May 1993 Dr. Smith's office notified defendants that he would not be able to attend his deposition the next day. Defendants alerted Deputy Commissioner Garner by hand-delivered letter, and plaintiff's counsel by phone, that Dr. Smith's deposition had been postponed. Nevertheless, on 12 May 1993, Deputy Commissioner Garner entered an Opinion and Award finding plaintiff's injuries compensable. Defendants did not appeal from the Opinion and Award. Rather, defendants informed Deputy Commissioner Garner by phone that they had not yet deposed Dr. Smith. Deputy Commissioner Garner informed defendants that after Dr. Smith was deposed, he would either amend his Opinion and Award or enter a final Opinion and Award. Subsequently, defendants rescheduled Dr. Smith's deposition on several occasions, two of which were at the request of plaintiff's attorney. Defendants finally deposed Dr. Smith on 24 June 1993.

On 21 July 1993 Deputy Commissioner Garner filed an order rescinding his Opinion and Award dated 12 May 1993 stating, "[the 12 May 1993] Opinion and Award was inadvertently done. The undersigned had previously promised counsel that they would be allowed an opportunity to depose Dr. Smith. The Opinion and Award was entered prior to receiving Dr. Smith's deposition." On 9 August 1993 plaintiff filed a motion to set aside the order of 21 July 1993 and have it declared null and void, and requested sanctions under N.C. Gen. Stat. § 97-18(e). On 26 October 1993 Deputy Commissioner Garner filed an Opinion and Award denying plaintiff's claim for workers' compensation benefits. The Full Commission affirmed the Deputy Commissioner's Opinion and Award denying plaintiff's claim.

The questions presented on this appeal are (1) whether the Deputy Commissioner had jurisdiction to rescind his 12 May 1993 order, and if so, did the Deputy Commissioner abuse his discretion; and (2) whether the Commission erred in concluding plaintiff's injury was noncompensable.

[1] Plaintiff first contends Deputy Commissioner Garner did not have jurisdiction to rescind his order of 12 May 1993. Plaintiff further contends that if Deputy Commissioner Garner had jurisdiction, he abused his discretion by rescinding his previous Opinion and Award.

Our Courts have recognized the Industrial Commission's judicial powers to administer the Workers' Compensation Act. *See Butts v. Montague Bros.*, 208 N.C. 186, 188, 179 S.E. 799, 801 (1935) (Industrial Commission has power to order a rehearing on the basis of newly dis-

covered evidence); *Neal v. Clary*, 259 N.C. 163, 166-167, 130 S.E.2d 39, 41 (1963) (Industrial Commission has the power to set aside a former judgment on the grounds of mutual mistake, misrepresentation, or fraud). In *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 337 S.E.2d 477 (1985), our Supreme Court held "[t]he Commission has inherent power, analogous to that conferred on courts by Rule 60(b)(6), in the exercise of supervision over its own judgments to set aside a former judgment when the paramount interest in achieving a just and proper determination of a claim requires it." *Id.* at 129, 337 S.E.2d at 478. The *Hogan* Court further stated, "[b]ecause the power to set aside a former judgment is vital to the proper functioning of the judiciary, we believe the legislature impliedly vested such power in the Commission in conjunction with the judicial power the legislature granted it to administer the Workers' Compensation Act." *Id.* at 140, 337 S.E.2d at 484.

We find *Hogan, supra,* is dispositive of this case. In order to allow defendants to depose Dr. Smith, Deputy Commissioner Garner entered an order to keep the record open. Nevertheless, on 12 May 1993, before defendants had an opportunity to depose Dr. Smith, Deputy Commissioner Garner entered an Opinion and Award. Once informed of the omission of Dr. Smith's testimony, however, Deputy Commissioner Garner rescinded his 12 May 1993 Opinion and Award to give defendants the "opportunity to depose Dr. Smith." We hold the Workers' Compensation Act vested Deputy Commissioner Garner with the inherent authority to set aside his Opinion and Award of 12 May 1993. We also conclude Deputy Commissioner Garner did not abuse his discretion because the rescission of his inadvertently issued Opinion and Award fostered the "just and proper determination of [plaintiff's] claim," *Hogan,* 315 N.C. at 129, 337 S.E.2d at 478.

[2] Finally, plaintiff contends the Commission erred in denying plaintiff's claim on the grounds that plaintiff's testimony was not credible.

The standard of review of a workers' compensation case is whether there is any competent evidence in the record to support the Commission's findings of fact and whether these findings support the Commission's conclusions of law. *Sidney v. Raleigh Paving & Patching,* 109 N.C. App. 254, 256, 426 S.E.2d 424, 426 (1993). The findings of fact made by the Commission are conclusive upon appeal when supported by competent evidence, even when there is evidence to support a finding to the contrary. *Morrison v. Burlington Industries,* 304 N.C. 1, 6, 282 S.E.2d 458, 463 (1981). In weighing the

evidence the Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony and may reject a witness' testimony entirely if warranted by disbelief of that witness. *Russell v. Lowe's Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993).

The Industrial Commission has made explicit findings of fact and conclusions of law regarding the credibility of plaintiff's testimony. Having reviewed the record, we find sufficient evidence to support the Industrial Commission's findings of fact, and we hold that those findings support the conclusions of law.

Affirmed.

Judges GREENE and LEWIS concur.