In support of their motion to reconsider the interest portion of the Full Commission's 26 November 1997 Opinion and Award, Defendants showed the following:
1. This matter was heard on December 1 1994, and following the hearing a trial order was entered on December 12, 1994, which stated that the parties had until December 28, 1994. to complete the evidence.
2. The evidence was, in fact, not completed until May, 1995.
3. The Defendants submitted their contentions on October 19, 1995.
4. The Plaintiff did not submit contentions in this matter until October 4, 1996, approximately one year after the Defendants' submitted contentions.
5. The opinion and award issued by Deputy Commissioner Ford was filed on May 14, 1997.
Defendants argued:
 The significant delay between the date on which the Defendants' contentions were filed, October 19, 1995, and the issuance of the opinion and award on May 14, 1997, was through no act or omission on the part of the Defendants. The award of interest dating back to December 1, 1994, is therefore punitive in nature and unfair to the Defendants.
Defendants prayed that the Industrial Commission reconsider its award and grant relief as the Commission deems just and proper under these circumstances. Defendants also asked that their appeal time be stayed during reconsideration.
***********
Plaintiff responded:
 Whether there is blame for the delay between the date of the hearing before the Deputy Commissioner and the date of the Opinion and Award of the Deputy and, if so, where that blame lies is irrelevant to whether the Plaintiff should receive interest at the modest judicial rate of 8% per annum.
***********
We agree. N.C. Gen. Stat. § 97-86.2 provides:
 In any workers' compensation case in which an order is issued either granting or denying an award to the employee and where there is an appeal resulting in an ultimate award to the employee, the insurance carrier or employer shall pay interest on the final award or unpaid portion thereof from the date of the initial hearing on the claim, until paid at the legal rate of interest provided in G.S. 24-1. (emphasis added)
The above provision is mandatory on the carrier or employer and does not provide for an exclusion, even if the delay between the hearing and the final award was no fault of the employer or carrier. However, the Full Commission notes that it is not good practice for the trial division to permit such lengthy extensions in the filing of briefs.
***********
With respect to his motion for reconsideration, Plaintiff's attorney wrote:
 The Plaintiff did not appeal from the award of the Deputy Commissioner and therefore did not on appeal to the Full Commission argue any error with the Deputy Commissioner's Opinion and Award. However, in light of the Full Commission's modification of the Deputy Commissioner's Opinion and Award to provide for medical expenses consistent with G.S. 97-25 (1991) and in light of the Full Commission's inherent power to modify its own awards, the Plaintiff requests the Full Commission to reconsider its decision and award the Plaintiff additional temporary total disability. In support of this request the Plaintiff shows the following to the Commission:
1. The Plaintiff in his Contentions to the Deputy Commission (a copy of said contentions is enclosed as Exhibit "A") brought the following to the attention of the Deputy Commissioner:
 The Plaintiff is entitled to temporary total disability from the date he reached maximum medical improvement until the date the Defendant allowed him to return to work (See Watson v. Winston-Salem Transit Authority, 92 N.C. App. 473 (1988)) Since the last evidentiary hearing (except for depositions of physicians) was held on December 1, 1994, the Plaintiff contends a hearing on the factual issue of when Plaintiff returned to work and why Plaintiff was unable to return to work with Defendant immediately after Plaintiff reached maximum medical improvement is necessary for a complete determination of the Plaintiff's claim
2. The Defendant's counsel in response to this specific contention wrote the Deputy Commissioner (a copy of the said letter is enclosed as Exhibit "B") and stated as follows:
 The defendants do not dispute that the plaintiff did not return to work until March 27, 1995. Therefore, there is no need for a hearing. It is the defendants' position that the plaintiff did not sustain a compensable injury, AND IS NOT DISPUTING THAT HE WAS NOT ABLE TO RETURN TO WORK UNTIL MARCH, 1995. (emphasis added)
3. The Plaintiff's counsel in response to the letter from Defendants' counsel wrote the Deputy Commissioner (a copy of said letter is enclosed as Exhibit "C") as follows:
 There will be no need for further hearings in this matter if the Defendants will stipulate that, in the event the Plaintiff's injury is found to be compensable under the Workers' Compensation Act, then in that event the Plaintiff will be entitled to Temporary Total Disability for the period beginning December 7, 1992 and ending on the 26th day of March 1995
4. The Opinion and Award of the Deputy Commissioner stated on page 3:
 Subsequent to the hearing on December 1, 1994, the plaintiff moved to reopen the case for further evidence which Motion is denied in view of the fact that the plaintiff has reached maximum medical improvement on December 29, 1994.
5. The Opinion and Award of the Deputy Commissioner provided for temporary total disability for the period of 7 December 1992 to 29 December 1994 [date of maximum medical improvement] and provided for no other temporary total disability. Para. 1 of page 7 of the Opinion and Award by the Deputy Commissioner.
6. From the above-referenced portions of the Deputy Commissioner's Opinion and Award it is clear that the Deputy Commissioner was of the opinion that the Plaintiff was only entitled to temporary total disability until such time as he reached maximum medical improvement. The Plaintiff contends this is not the law and that he is entitled to temporary total disability payments until he returned to work See Watson v.Winston-Salem Transit Authority, 92 N.C. App. 473 (1988). Because the Defendants, by and through counsel, do not dispute that Plaintiff's inability to return to work until March 27, 1995, the Plaintiff is entitled to temporary total disability from 7 December 1992 to 27 March 1995
7. The Full Commission pursuant to its inherent authority has the equitable power to modify its Opinions and Awards. SeeHogan v. Cone Mills Corp. 315 N.C. 127 (1985); Plummer v.Henderson, 118 N.C. App. 727 (1995). For the reasons set out herein, the Full Commission should exercise its inherent power to modify its Opinion and Award in this matter and provide for temporary total disability up to and including 27 March 1995 for the Plaintiff.
FOR THE REASONS stated therein and herein, Defendants' motion for reconsideration of the interest ordered payable is DENIED and Plaintiff's motion for reconsideration with respect to additional temporary total disability is GRANTED.
IT IS ORDERED:
1. Defendants' appeal time both from the Full Commission's Opinion and Award of 26 November 1997 and from this Supplemental Order shall run from this Supplemental Order.
2. Interest at the statutory rate of 8 percent per year shall be paid by Defendants from 1 December 1994, the date of the hearing before the Deputy Commissioner, until paid, on compensation ordered paid both by this Supplemental Order and the Full Commission's Opinion and Award of 26 November 1997.
3. In addition to the compensation heretofore awarded in the Full Commission's Opinion and Award of 26 November 1997, the Defendants shall pay temporary total disability of $276.67 per week, less the attorney fee hereinafter provided, from December 30, 1994, through March 27, 1995. This shall be paid in a lump sum, less 25% attorney fees, which shall be paid directly to Plaintiff's attorney.
4. The defendants shall pay the costs.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ DIANNE C. SELLERS COMMISSIONER
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER