JEANETTE L. BASS, Employee, Plaintiff v. MORGANITE, INC., Employer, SELF-INSURED (GALLAGHER BASSET SERVICES, Servicing Agent), Defendant

No. COA04-57

(Filed 19 October 2004)

## 1. Workers' Compensation— occupational disease—carpal tunnel syndrome

The Industrial Commission did not err in a workers' compensation case by finding that plaintiff employee failed to prove that she contracted an occupational disease of carpal tunnel syndrome in connection with her job duties with defendant company, because: (1) plaintiff failed to satisfy her burden, but instead merely argued that no competent evidence existed to support a finding that plaintiff contracted carpal tunnel syndrome any other way besides her employment with defendant; (2) the unchallenged findings show that both of plaintiff's treating physicians admitted her symptoms started with a sliding door injury at her son's house in April 2000; and (3) the Commission was not required to give the testimony of plaintiff's expert witnesses more weight than that of another doctor who was an expert in hand and wrist disorders.

## 2. Appeal and Error— preservation of issues—failure to cite authority

Although plaintiff contends the Industrial Commission erred in a workers' compensation case by finding that a videotape was an accurate depiction of the primary duties of plaintiff's employment, this assignment of error is deemed abandoned because plaintiff failed to cite any authority in support of her argument.

## 3. Workers' Compensation— doctor testimony—weight of testimony

The Industrial Commission did not err in a workers' compensation case by according more weight to the opinion of a doctor who was an expert in hand and wrist disorders than the opinions

BASS v. MORGANITE, INC.

[166 N.C. App. 605 (2004)]

of plaintiff's treating physicians, because: (1) competent evidence supported the Commission's findings of fact and its decision to give greater weight to the testimony of the one doctor; and (2) plaintiff's argument that her honesty and credibility require the Commission to accept her testimony regarding her job duties as true is irrelevant to whether the Commission can afford more weight to one testifying physician over another.

**4. Appeal and Error— preservation of issues—failure to cite authority—broad assertion**

Although plaintiff contends the Industrial Commission erred in a workers' compensation case by failing to find that plaintiff's bilateral carpal tunnel syndrome was compensable, this assignment of error is deemed abandoned under N.C. R. App. P. 28(b)(6) because plaintiff's brief fails to present any authority in support of this broad assertion.

Appeal by plaintiff from opinion and award entered 29 September 2003 by Commissioner Bernadine S. Ballance. Heard in the Court of Appeals 23 September 2004.

*Brent Adams & Associates, by Kristine Anisansel, for plaintiff-appellant.*

*Brooks, Stevens & Pope, P.A., by Joy H. Brewer, for defendant-appellee.*

TYSON, Judge.

Jeanette Bass ("plaintiff") appeals from an Opinion and Award entered by the Full Commission of the North Carolina Industrial Commission ("the Commission"). The Commission found plaintiff failed to prove she contracted an occupational disease in connection with her job duties with Morganite, Inc. ("defendant"). We affirm.

## I.  Background

The findings of the Commission show plaintiff was employed by defendant as a carbon brush inspector for nine years beginning 23 March 1992. As a brush inspector, plaintiff was required to perform tests on carbon brush samples using various machines in the lab. Plaintiff testified she was responsible for cutting and grinding the parts and measuring them for density, hardness, and resistance. She testified her job required constant use of her hands and that she gripped the parts as she manipulated them. Plaintiff was required to

lift up to fifteen pounds approximately twenty times a day. Plaintiff lifted up to one pound continuously throughout the day. She also lifted between fifty and seventy-five pounds between three and six times per week.

On 10 April 2000, plaintiff reported an injury to the plant nurse and complained she experienced pain in her right hand. Plaintiff stated the pain began on Saturday while she was attempting to open a sliding glass door at her son's house. Plaintiff was referred to neurologist Dr. Pamela Whitney ("Dr. Whitney"). Dr. Whitney performed a nerve conduction study, which showed plaintiff suffered from mild carpal tunnel syndrome. Based solely upon plaintiff's description of her job duties, Dr. Whitney opined that it "seems reasonable" that plaintiff's carpal tunnel syndrome was caused by her job.

On 27 July 2000, Dr. Robert L. Allen ("Dr. Allen"), a neurosurgeon, performed a carpal tunnel release on plaintiff's right hand. Plaintiff returned to work in October 2000 with restrictions to not perform heavy lifting.

Plaintiff again left work in January 2001 and was provided medical leave and received one-half her salary for six months. On 15 January 2001, plaintiff sought treatment from Dr. Richard Alioto ("Dr. Alioto"), an orthopedic surgeon, who examined both of plaintiff's wrists and diagnosed her with tendinitis. Dr. Alioto testified by deposition that plaintiff described the sliding door injury of April 2000 as the beginning of her carpal tunnel symptoms. In his opinion, this injury to her right wrist was "where she developed what sounded to me like symptoms of carpal tunnel syndrome . . . ."

Dr. Alioto provided a splint to plaintiff for her right wrist, limited her to lifting no more than five pounds. He also restricted her from performing repetitive type tasks. In March 2001, Dr. Alioto performed a "Phalen's test" on plaintiff's wrists, which showed normal results. Nerve conduction studies on plaintiff's left wrist revealed mild carpal tunnel syndrome. On 27 April 2001, he performed carpal tunnel release surgery on plaintiff's left wrist. Based upon plaintiff's description of her job duties, Dr. Alioto opined that plaintiff's employment "could have been" a contributing factor of carpal tunnel syndrome and that plaintiff's employment placed her at a greater risk of developing carpal tunnel syndrome over the general public not so employed.

Wanda Dorman ("Dorman") worked with plaintiff and testified that she agreed with plaintiff's job duty description. However,

Dorman testified that she did not hyper-extend or hyper-flex her wrist while performing the inspections and that holding the parts did not require "much grip pressure." Teresa Sanders ("Sanders"), another co-employee of plaintiff, testified that she had been employed with defendant as an inspector for five to six years. Sanders stated the tests performed by the inspectors are usually completed within approximately one hour. She also testified there are a variety of other activities that inspectors perform in addition to testing the parts.

On 9 January 2002, Dr. George S. Edwards ("Dr. Edwards"), an expert in hand and wrist disorders, examined plaintiff's hands and diagnosed her with bilateral carpal tunnel syndrome. He observed a video tape depicting an employee who demonstrated plaintiff's job duties in a similar, but slower, fashion. After viewing this video, Dr. Edwards opined that there was no causal relationship between plaintiff's job duties and her bilateral carpal tunnel syndrome.

Based on these findings, the Commission denied compensation benefits and concluded plaintiff failed to prove by the greater weight of the evidence that she contracted the occupational disease of carpal tunnel syndrome as a result of her employment. Plaintiff appeals.

## II.  Issues

The issues on appeal are whether the Commission erred by: (1) concluding plaintiff failed to prove she suffers from an occupational disease due to causes and conditions characteristic of and peculiar to her employment as a brush inspector with defendant; (2) finding the videotape accurately depicted the primary duties of plaintiff's employment; (3) according more weight to the opinion of Dr. Edwards as opposed to plaintiff's treating physicians Dr. Alioto and Dr. Whitney; and (4) failing to find that plaintiff's bilateral carpal tunnel syndrome is compensable.

## III.  Standard of Review

On appeal from the Commission in a workers' compensation claim, our standard of review requires us to consider:

whether there is any competent evidence in the record to support the Commission's findings of fact and whether these findings support the Commission's conclusions of law. The findings of fact made by the Commission are conclusive upon appeal when supported by competent evidence, even when there is evidence to support a finding to the contrary. In weighing the evidence the

Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony and may reject a witness' testimony entirely if warranted by disbelief of that witness.

*Plummer v. Henderson Storage Co.*, 118 N.C. App. 727, 730, 456 S.E.2d 886, 888 (internal citations omitted), *disc. rev. denied*, 340 N.C. 569, 460 S.E.2d 321 (1995). "[W]here no exception is taken to a finding of fact . . ., the finding is presumed to be supported by competent evidence and is binding on appeal." *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) (citation omitted).

### IV. Occupational Disease

**[1]** Plaintiff contends the Commission erred by failing to conclude plaintiff suffers from carpal tunnel syndrome as a result of her employment with defendant. We disagree.

An individual seeking benefits under the Workers' Compensation Act has the burden of proving each and every element of compensability. *Holley v. ACTS, Inc.*, 357 N.C. 228, 234, 581 S.E.2d 750, 754 (2003) (citations omitted).

Under N.C. Gen. Stat. § 97-53, in order for carpal tunnel syndrome to be deemed compensable as an "occupational disease," plaintiff must prove: (1) the disease is characteristic of the trade or occupation; (2) the disease is not an ordinary disease of life to which the public is equally exposed outside of the employment; and (3) there is a causal connection between the disease and the employment. *Thompson v. Tyson Foods*, 119 N.C. App. 411, 413, 458 S.E.2d 746, 747 (1995) (citing *Hansel v. Sherman Textiles*, 49 N.C. App. 1, 6, 270 S.E.2d 585, 588 (1980), *rev'd on other grounds*, 304 N.C. 44, 283 S.E.2d 101 (1981)). The "causal connection" element determines whether the work environment "significantly contributed to, or was a significant causal factor in the disease's development." *Rutledge v. Tultex Corp.*, 308 N.C. 85, 101, 301 S.E.2d 359, 369-70 (1983).

Here, the Commission concluded plaintiff failed to satisfy her burden of proving that she "contracted the occupational disease of carpal tunnel syndrome due to causes and conditions which are characteristic of and peculiar to her occupation." Plaintiff argues "no competent evidence exists to support a finding that plaintiff contracted her bilateral carpal tunnel syndrome any other way besides her employment with [defendant]." This argument fails to recognize our standard of review. Plaintiff addresses her first assignment of error:

The Full Commission's Conclusion of Law reading that "Plaintiff failed to prove by the greater weight of the evidence that shat [sic] she has contracted the occupation disease of carpal tunnel syndrome due to causes and conditions which are characteristic of and peculiar to her occupation" on the basis that the only relevant and competent evidence in the record supports a finding that plaintiff has contracted the occupational disease carpal tunnel syndrome as a result of her job duties with Defendant . . . .

As plaintiff only excepted to portions of the Commission's finding number nine, we review her assignment of error for whether the other findings of fact support the Commission's conclusion of law. *See Koufman*, 330 N.C. at 97, 408 S.E.2d at 731; *Plummer*, 118 N.C. App. at 730, 456 S.E.2d at 888.

The unchallenged findings show both of plaintiff's treating physicians, Dr. Whitney and Dr. Alioto, testified that plaintiff admitted her symptoms started with "the sliding door injury of April 2000." Dr. Alioto "opined that plaintiff's job with defendant *could have* been a contributing factor to plaintiff's contracting carpal tunnel syndrome." (Emphasis supplied). The Commission's findings show "Dr. Whitney opined that it '*seems reasonable*' that plaintiff's carpal tunnel syndrome was caused by her job." (Emphasis supplied). Dr. Edwards testified as an expert in hand and wrist disorders and opined that "there was *no* causal relationship between plaintiff's job duties and her bilateral carpal tunnel syndrome." (Emphasis supplied). These findings are unchallenged and conclusive on appeal.

The Commission also found, "The opinions of Dr. Edwards on causation and increased risk are given greater weight than those of Drs. Alioto and Whitney." The Commission was not required to give plaintiff's expert witnesses' testimony more weight than that of Dr. Edwards. *See infra Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999); *see also Holley*, 357 N.C. at 234, 581 S.E.2d at 754. The Commission's conclusion of law that plaintiff failed to prove she suffered an occupational disease as a result of her employment is supported by the findings of fact. This assignment of error is overruled.

### V. Videotape

[2] Plaintiff contends the Commission erred by finding the videotape submitted into evidence accurately depicted plaintiff's primary job duties. Plaintiff fails to cite any authority in support of her argument.

BASS v. MORGANITE, INC.

[166 N.C. App. 605 (2004)]

This assignment of error is deemed abandoned. N.C.R. App. P. 28(b)(6) (2004); *see also DOT v. Elm Land Co.*, 163 N.C. App. 257, 264, 593 S.E.2d 131, 136, *disc. rev. denied*, 358 N.C. 542, 599 S.E.2d 42 (2004).

## VI.  Weight of Testimony

**[3]** Plaintiff argues the opinions of Dr. Alioto and Dr. Whitney should be given greater weight than Dr. Edwards's opinion. We disagree.

"[O]n appeal, this Court 'does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Adams*, 349 N.C. at 681, 509 S.E.2d at 414 (1998) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). Plaintiff's argument that the Commission should have afforded more weight to her treating physicians is without merit.

The Commission gave Dr. Edwards's opinions on causation and increased risk greater weight than the opinions of Dr. Alioto and Dr. Whitney. Dr. Edwards's testified that the aging process plays a part in carpal tunnel syndrome and that carpal tunnel syndrome is "much more common" in women. Dr. Edwards also testified to a reasonable degree of medical certainty "that there was not a relationship between [plaintiff's] job and her development of carpal tunnel syndrome." Dr. Edwards opined that plaintiff's age was "the chief factor resulting in her carpal tunnel syndrome."

Competent evidence supports the Commission's findings of fact and its decision to give greater weight to Dr. Edwards's testimony than to Dr. Alioto's and Dr. Whitney's testimony. Plaintiff failed to offer any authority to support her assertion that the videotape did not accurately depict her job duties.

Plaintiff also argues her honesty and credibility require the Commission to accept her testimony regarding her job duties as true. Her argument is irrelevant to whether the Commission can afford more weight to one testifying physician over another. This assignment of error is overruled.

## VII.  Conclusion

**[4]** Plaintiff also assigned error to the Commission's "conclusion of law that 'plaintiff is not entitled to compensation under the Act.' " Plaintiff argues "there is relevant and competent evidence that man-

dates a finding that plaintiff's bilateral carpal tunnel syndrome is compensable." Plaintiff's brief fails to present any authority in support of this broad assertion. This assignment of error is abandoned pursuant to N.C.R. App. P. 28(b)(6).

The Commission's findings of fact are supported by competent evidence in the record. These findings support the Commission's conclusions of law. The Opinion and Award of the Full Commission is affirmed.

Affirmed.

Judges BRYANT and LEVINSON concur.