GARY SHEPHERD, Employee, Plaintiff-Appellee,
v.
NATIONAL FEDERATION OF INDEPENDENT BUSINESSES, Employer, and PMA INSURANCE GROUP, Carrier, Defendants-Appellants,
No. COA07-27
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
Grimes and Teich, L.L.P., by Sarah A. Lockett, for plaintiff-appellee.
Hedrick Eatman Gardner & Kincheloe, L.L.P., by M. Duane Jones, for defendants-appellants.
JACKSON, Judge.
National Federation of Independent Businesses ("defendant-employer") and its insurance carrier, PMA Insurance Group (collectively, "defendants"), appeal from an order of the Full Commission of the North Carolina Industrial Commission ("Full Commission") awarding workers' compensation benefits to Gary Shepherd ("plaintiff"). For the reasons stated below, we affirm.
On 28 April 2003, plaintiff began employment as a field representative for defendant-employer . Plaintiff's job duties included traveling to various small businesses in his region and selling memberships to the National Federation of Independent Businesses. On 23 May 2003, plaintiff, while making a sales call on behalf of defendant-employer, slipped and fell, landing on his buttocks and sustaining a compensable injury. After the accident, plaintiff returned to his position with defendant-employer and did not miss any time from work.
Defendants provided payment for plaintiff's initial medical treatment immediately following the 23 May 2003 accident. Plaintiff first sought medical treatment at the Haywood Regional Emergency Room on 27 May 2003, where he was given pain medications for tenderness over his right buttock and a referral to see another doctor the following day. The medical record showed that plaintiff's back was "really nontender." After requesting to be returned to full-duty status, plaintiff advised defendant-employer that he wanted to see a doctor. Defendant-employer referred him to Dr. Edward H. Lesesne, Jr. ("Dr. Lesesne"), a family practitioner at Midway Medical Center. On 29 May 2003, plaintiff presented to Dr. Lesesne, who noted that plaintiff had a contusion of the buttocks and that "[h]e moves his back well." Anticipating no long-term disability, Dr. Lesesne released plaintiff from his care to return to full-duty work and advised plaintiff to return if he experienced any further problems.
On 9 June 2003, plaintiff presented to the Harris Regional Hospital, complaining of lower back pain from a non-work-related slip and fall two days prior, and was given pain medication and released. On 19 June 2003, plaintiff presented to Haywood Regional Medical Center, complaining of lower back pain radiating into his leg from a non-work-related slip and fall three days prior, and again was given pain medication and released.
On 25 June 2003, plaintiff followed up with Dr. Lesesne, who diagnosed plaintiff with a contusion and back strain. Plaintiff returned to Dr. Lesesne on 1 August 2003 with continued back pain, and Dr. Lesesne recorded in his notes that plaintiff had degenerative back disease aggravated by his fall in June. Thereafter, plaintiff continued to work until his termination by defendant-employer, effective 7 August 2003.
In September 2003, plaintiff began treatment with Dr. Stuart C. Kordonowy ("Dr. Kordonowy"), a chiropractor, who opined that plaintiff's 23 May 2003 fall caused plaintiff's lower back pain . Dr. Kordonowy based his opinion upon medical reports and plaintiff's statements. On 24 December 2003, plaintiff presented to Dr. James J. Hoski ("Dr. Hoski"), an orthopedic surgeon of Spine Carolina, complaining of lower back pain on his left side radiating into the midline of his back resulting from prolonged sitting or standing. Dr. Hoski referred plaintiff to Dr. Laura Fleck ("Dr. Fleck"), also of Spine Carolina, and on 2 January 2004, Dr. Fleck diagnosed plaintiff with mechanical lower back pain, and plaintiff regularly saw Dr. Fleck for the next nine months. In her medical report, Dr. Fleck opined _ based upon her observations, plaintiff's statements, and an MRI report  that plaintiff's condition was causally related to his 23 May 2003 fall.
Defendants denied plaintiff's claim for wage loss and additional medical treatment related to the 23 May 2003 injury, contending that plaintiff's condition following 29 May 2003 was not causally related to the 23 May 2003 incident. On 24 September 2005, Deputy Commissioner John B. DeLuca issued an Opinion and Award in favor of plaintiff, and defendants appealed to the Full Commission. On 22 August 2006, the Full Commission entered an Opinion and Award affirming the deputy commissioner's decision with minor modifications. Thereafter, defendants filed timely notice of appeal.
In their sole argument on appeal, defendants contend that the Full Commission erred by concluding that plaintiff's medical condition following 29 May 2003 was causally related to his work injury of 23 May 2003. We disagree.
It is well-established that "[t]he standard of appellate review of an opinion and award of the Industrial Commission in a workers' compensation case is whether there is any competent evidence in the record to support the Commission's findings of fact and whether these findings support the Commission's conclusions of law." Lineback v. Wake County Bd. of Comm'rs, 126 N.C. App. 678, 680, 486 S.E.2d 252, 254 (1997). In making findings of fact, "the Industrial Commission must consider all of the evidence. The Industrial Commission may not discount or disregard any evidence, but may choose not to believe the evidence after considering it." Weaver v. Am. Nat'l Can Corp., 123 N.C. App. 507, 510, 473 S.E.2d 10, 12 (1996) (emphases omitted). The Industrial Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. See Adams v. AVX Corp., 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998), reh'g denied, 350 N.C. 108, 532 S.E.2d 522 (1999). "The findings of fact made by the Commission are conclusive on appeal when supported by competent evidence, even when there is evidence to support a finding to the contrary." Plummer v. Henderson Storage Co., 118 N.C. App. 727, 730, 456 S.E.2d 886, 888 (1995). The Industrial Commission's conclusions of law are reviewed de novo by this Court. Lewis v. Sonoco Prods. Co., 137 N.C. App. 61, 68, 526 S.E.2d 671, 675 (2000).
Pursuant to the North Carolina Worker's Compensation Act, a compensable injury must be proximately caused by an accident arising out of the course and scope of employment. See N.C. Gen. Stat. § 97-2(6) (2003). Aggravation of a compensable injury also is compensable, unless such aggravation is the result of plaintiff's own intentional conduct. See Baker v. City of Sanford, 120 N.C. App. 783, 789, 463 S.E.2d 559, 564 (1995), disc. rev. denied, 342 N.C. 651, 467 S.E.2d 703 (1996). Ultimately, plaintiff has the burden of proving the causal relationship, see Henry v. A.C. Lawrence Leather Co., 231 N.C. 477, 479, 57 S.E.2d 760, 761 (1950), and "[t]here must be competent evidence to support the inference that the accident in question resulted in the injury complained of . . . ." Click v. Pilot Freight Carriers, Inc., 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980).
As part of their argument that the Full Commission erred in finding a causal connection between plaintiff's 23 May 2003 fall and his medical condition after 29 May 2003, defendants first contend that "[t]he medical records of Haywood Regional, Dr. Lesesne, and Harris Memorial for treatment immediately following both the May[] 2003 injury and the June[] 2003 injury are the most competent evidence with respect to causation." Defendants argue that those records reveal that plaintiff suffered separate and distinct injuries, and that plaintiff's problems related to the 23 May 2003 compensable injury were resolved as of 29 May 2003. Defendants also note that plaintiff failed to seek medical treatment between the date of his release for the 23 May 2003 injury and the date of his second slip-and-fall injury in June 2003.
Although defendants argue that certain medical records were "the most competent evidence," this Court is "limited to determining ' whether any competent evidence supports the Commission's findings of fact.'" Armstrong v. W.R. Grace & Co., 175 N.C. App. 528, 532, 623 S.E.2d 820, 823 (emphasis added) (quoting Deese v. Champion Int'l Corp., 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000)), disc. rev. denied and disc. rev. dismissed, 360 N.C. 531, 633 S.E.2d 672 (2006). Defendants effectively are contending that those records, along with the fact that plaintiff failed to seek additional medical treatment for a period of time following 29 May 2003, were entitled to more weight than the evidence supporting plaintiff's contention. However, "'the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.'" Adams, 349 N.C. at 680, 509 S.E.2d at 413 (quoting Anderson v. Lincoln Constr. Co., 265 N.C. 431, 433.34, 144 S.E.2d 272, 274 (1965)). It is not for this Court to weigh or re-weigh the evidence, and accordingly, defendant's argument is overruled.
Defendants also contend that Dr. Fleck's and Dr. Kordonowy's opinions constitute mere speculation and fail to support plaintiff's claim on the grounds that Dr. Fleck and Dr. Kordonowy failed to rely upon objective, independent evidence or tests and that their testimonies were based upon misinformation.
As this Court has stated previously, "[a] physician's diagnosis often depends on the patient's subjective complaints, and this does not render the physician's opinion incompetent as a matter of law." Jenkins v. Pub. Serv. Co., 134 N.C. App. 405, 410, 518 S.E.2d 6, 9 (1999), rev'd in part on other grounds and disc. rev. improvidently allowed in part, 351 N.C. 341, 524 S.E.2d 805 (2000) (per curiam). Thus, the fact that a physician has relied upon the subjective complaints of his patient goes to the weight of the evidence, see id., and the Industrial Commission, after examining the entire record, is entitled to determine how much weight to accord such testimony. Weaver, 123 N.C. App. at 510, 473 S.E.2d at 12.
Here, Dr. Fleck, who opined that the subsequent fall in June 2003 aggravated the primary injury of 23 May 2003, based her opinion upon (1) plaintiff's description of the mechanics of the injury, and (2) Dr. Fleck's understanding of how that mechanism would manifest itself as a symptom. Dr. Fleck also reviewed an MRI taken prior to Dr. Hoski's evaluation. Similarly, although defendants contend that Dr. Kordonowy's opinion was based solely on the maxim "post hoc, ergo propter hoc," Dr. Kordonowy relied both on plaintiff's description of the mechanism of injury and his own review of diagnostic testing. Defendants' argument, therefore, is overruled.
Finally, it is well-settled that to establish the requisite causal relationship for compensation under the North Carolina Workers' Compensation Act, "the evidence must be such as to take the case out of the realm of conjecture and remote possibility." Gilmore v. Hoke County Bd. of Educ., 222 N.C. 358, 365, 23 S.E.2d 292, 296 (1942). As such, probability, as opposed to possibility, is the standard required for expert testimony to constitute competent evidence of causation. See Cannon v. Goodyear Tire & Rubber Co., 171 N.C. App. 254, 264, 614 S.E.2d 440, 446. 47, disc. rev. denied, 360 N.C. 61, 621 S.E.2d 177 (2005). Specifically,
[e]xpert testimony that a work-related injury "could" or "might" have caused further injury is insufficient to prove causation when other evidence shows the testimony to be a guess or mere speculation. However, when expert testimony establishes that a work-relatedinjury "likely" caused further injury, competent evidence exists to support a finding of causation.
Id. (internal quotation marks and citations omitted).
In the instant case, Dr. Fleck and Dr. Kordonowy  two expert physicians specializing in the field of spinal care  testified that there existed a causal relationship between plaintiff's medical condition after 29 May 2003 and plaintiff's 23 May 2003 fall. Although Dr. Kordonowy, who first saw plaintiff on 23 September 2003, spoke in terms of possibility during portions of his deposition, stating that plaintiff's 23 May 2003 "fall could certainly have caused the injury" and that it was "a strong possibility in [his] mind," Dr. Kordonowy also expressly testified that plaintiff's 23 May 2003 accident, not the June slip and fall, "was likely the cause" of plaintiffs' medical condition. Dr. Kordonowy further explained that he "had no reason to doubt, based on [his] experience, that that's, in fact, the injury [he was] treating and not the one in June." Similarly, Dr. Fleck's testimony sufficiently establishes that plaintiff's slip-and-fall incident on 23 May 2003 more likely than not caused his subsequent medical condition. Specifically, Dr. Fleck testified as follows:
[DEFENSE COUNSEL]: Okay. At the bottom of  I guess this is the sixth paragraph, again, in your July 23, 2004[] note. You state that "it is my impression, therefore, within a reasonable degree of medical certainty, that Gary's current difficulties for which he is seeking care are a result of a work-related accident he suffered on May the 22nd [sic], 2003." Is that correct and does that  is it correct in what I have read and does that convey your thoughts and opinions on July 23, 2004?
[DR. FLECK]: Absolutely.
. . . .
[DEFENSE COUNSEL]: Again, assuming on or about June 13, 2003, [plaintiff] again slipped and fell on his back or fell on his buttocks or back area, . . . would that lead you to believe that perhaps the back injury was more related to the June the 13th fall as opposed to the May 22nd [sic] fall when he did not report any back pain?
[DR. FLECK]: No. It would make me think that he had merely further aggravated the injury to his facet joints and sacral iliac joint which he experienced on the May 22nd [sic] of 2003.
(Emphasis added).
Therefore, plaintiff presented competent evidence through the testimonies of Dr. Fleck and Dr. Kordonowy that his medical condition subsequent to 29 May 2003 was caused by his 23 May 2003 compensable injury. Accordingly, defendants' assignment of error is overruled.
Defendants' remaining assignments of error not argued in their brief are deemed abandoned. See N.C. R. App. P. 28(b)(6) (2006).
Affirmed.
Judges CALABRIA and GEER concur.
Report per Rule 30(e).