DARVIN TREAT, EMPLOYEE, PLAINTIFF-APPELLANT v. MECKLENBURG COUNTY, EMPLOYER, SELF-INSURED, DEFENDANT-APPELLEE

No. COA08-56

(Filed 16 December 2008)

**Workers' Compensation— disability—burden of proof—Form 62—failure to argue any specific findings of fact**

The full Commission did not err in a workers' compensation case by placing the burden on plaintiff employee to prove he is disabled even though plaintiff contends the 8 March 2004 order entered by a deputy commissioner established a presumption of disability in his favor because: (1) plaintiff failed to argue that any specific findings of fact made by the full Commission were not based upon sufficient evidence in the record, and thus the findings are binding on appeal under N.C. R. App. P. 28(b)(6); (2) a Form 21 was not executed in this case that would have shifted the burden of persuasion concerning the employee's disability from the employee to the employer; (3) the deputy commissioner rati-

fied an agreement between the parties whereby defendant agreed to, upon the fulfillment of certain conditions by plaintiff, reinstate plaintiff's temporary total disability benefits under Form 62; and (4) the submission of a Form 62 does not shift the burden from plaintiff to prove continuing disability under the Act, and to hold otherwise would have a chilling effect on employers' willingness to enter into agreements reinstating disability benefits and offend the public policy of this state which encourages settlements.

Appeal by Plaintiff from opinion and award entered 27 August 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 9 September 2008.

*The Law Office of G. Lee Martin, P.A., by G. Lee Martin, for Plaintiff-Appellant.*

*Jones, Hewson & Woolard, by R.G. Spratt III, for Defendant-Appellee.*

McGEE, Judge.

Plaintiff sustained an injury by accident in the course of his employment with Defendant on 20 May 2002. Plaintiff's claim was accepted as compensable pursuant to a Form 60 agreement dated 6 June 2002. Plaintiff was treated and evaluated for his injuries between 20 May 2002 and 12 November 2003. Plaintiff was released to return to sedentary work on 5 November 2002, and reached maximum medical improvement on 17 December 2002, with permanent restrictions that consisted of: (1) no ladder climbing, (2) no standing or walking over thirty minutes per hour, and (3) limited work on uneven surfaces. Plaintiff received temporary total disability benefits from Defendant from 21 May 2002 until 5 November 2002. Plaintiff worked for Defendant in a sedentary position from 6 November 2002 until 31 January 2003. Plaintiff and Defendant disputed whether Plaintiff was entitled to disability benefits for the period from 1 February 2003 to 3 April 2004. Plaintiff and Defendant entered into a partial compromise settlement agreement on 5 January 2004, whereby Defendant agreed to pay Plaintiff a lump sum reimbursement for benefits and all disputed expenses for the period from 1 February 2003 through 31 October 2003, and further agreed to reinstate temporary total disability compensation from 1 November 2003 by filing a Form 62, which it did on 6 April 2004. Plaintiff agreed to cooperate with all vocational efforts offered by Defendant, and further agreed that failure to coop-

erate with the vocational efforts would subject Plaintiff to suspension or termination of temporary total disability benefits. Deputy Commissioner Edward Garner, Jr. issued an order approving this agreement on 8 March 2004.

Defendant paid all disability benefits owed Plaintiff from the period between 1 November 2003 and the entry of the opinion and award of the Full Commission on 27 August 2007. In its opinion and award, the Full Commission found as fact, *inter alia*, the following: "Plaintiff was employed by [D]efendant as a real estate appraiser from 1985 until May 20, 2002. The job required an ability to make mathematical calculations and considerable analytical skills. Plaintiff received good employment reviews from his supervisors and several merit raises." Plaintiff worked sedentary employment with Defendant from 6 November 2002 until 31 January 2003, and never complained that his disability caused him any difficulties in performing that job. Two doctors, one on 5 November 2002 and one on 28 February 2003, advised that Plaintiff could perform sedentary work. The Full Commission also found that "plaintiff has not made reasonable efforts to find employment .and there is insufficient evidence to show by the greater weight that it would be futile for [P]laintiff to seek employment . . . ."

The Full Commission ordered that: (1) Defendant pay Plaintiff temporary total disability benefits from the date Plaintiff left employment with Defendant until 20 January 2005, (2) Defendant pay all medical expenses resulting from Plaintiff's injury by accident, and (3) Defendant pay the costs of the action. The Full Commission further ordered that all temporary total disability benefits remain suspended for as long as Plaintiff refused to seek suitable employment with Defendant or another employer. Plaintiff appeals. [R. p. 30]

In Plaintiff's fourth argument, he contends the Full Commission erred in placing the burden on him to prove he is disabled. We disagree.

"Disability," within the meaning . . . of the North Carolina Workers' Compensation Act [the Act], is defined as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C.G.S. § 97-2(9) (1999). To show the existence of a disability under this Act, an employee has the burden of proving:

(1) that [he] was incapable after [his] injury of earning the same wages [he] had earned before [his] injury in the same employ-

ment, (2) that [he] was incapable after [his] injury of earning the same wages [he] had earned before [his] injury in any other employment, and (3) that [his] incapacity to earn was caused by [his] injury.

The employee may meet [his] initial burden of production by producing:

(1) . . . medical evidence that [he] is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) . . . evidence that [he] is capable of some work, but that [he] has, after a reasonable effort on [his] part, been unsuccessful in [his] effort to obtain employment; (3) . . . evidence that [he] is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) . . . evidence that [he] has obtained other employment at a wage less than that earned prior to the injury.

Once an employee meets [his] initial burden of production, the burden of production shifts to the employer to show "that suitable jobs are available" and that the employee is capable of obtaining a suitable job "taking into account both physical and vocational limitations." The burden of proving a disability, however, remains on the employee.

*Demery v. Perdue Farms, Inc.*, 143 N.C. App. 259, 264-65, 545 S.E.2d 485, 489-90 (2001) (citations omitted). " 'Whether the [F]ull Commission conducts a hearing or reviews a cold record, N.C.G.S. § 97-85 places the ultimate fact-finding function with the Commission—not the hearing officer. It is the Commission that ultimately determines credibility, whether from a cold record or from live testimony.' " *Johnson v. Southern Tire Sales and Service*, 358 N.C. 701, 711, 599 S.E.2d 508, 515 (2004) (citation omitted). "The Commission's findings of fact 'are conclusive on appeal when supported by competent evidence even though' evidence exists that would support a contrary finding." *Id.* at 705, 599 S.E.2d at 512. "As a result, appellate review of an award from the Commission is generally limited to two issues: (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Id.* (citation omitted).

In his brief, Plaintiff fails to argue that any specific findings of fact made by the Full Commission were not based upon sufficient evi-

dence in the record. The findings of the Full Commission are thus binding on appeal. *Bass v. Morganite, Inc.*, 166 N.C. App. 605, 609, 603 S.E.2d 384, 386-87 (2004) (citation omitted).

Plaintiff argues that due to the "Partial Agreement and Release" entered into by Plaintiff and Defendant on 5 January 2004, which was approved by Deputy Commissioner Garner by his "order approving partial compromise settlement agreement[,]" filed 8 March 2004, Plaintiff was presumed to be disabled as defined by the Act, and the burden was on Defendant to rebut this presumption. In light of Plaintiff's argument, he contends the following conclusion of law in the Full Commission's opinion and award was erroneous as a matter of law:

> Assuming *arguendo* that the job offered by [D]efendant was not suitable employment, [P]laintiff also failed to prove continuing disability as a result of the compensable injury by accident. Plaintiff was not taken out of work by any doctor, was capable of some work but failed to show that he made a reasonable but unsuccessful effort to find employment, and he did not show that it was futile for him to seek employment due to other factors.

Plaintiff's sole argument concerning this conclusion of law was that the burden was improperly placed upon him to prove continuing disability, because the 8 March 2004 order entered by Deputy Commissioner Garner established a presumption of disability in his favor.

> "[A] presumption of disability in favor of an employee arises only in limited circumstances." Those limited circumstances are (1) when there has been an executed Form 21, "AGREEMENT FOR COMPENSATION FOR DISABILITY"; (2) when there has been an executed Form 26, "SUPPLEMENTAL AGREEMENT AS TO PAYMENT OF COMPENSATION"; or (3) when there has been a prior disability award from the Industrial Commission. Otherwise, the burden of proving "disability" remains with plaintiff, even if the employer has admitted "compensability."

*Clark v. Wal-Mart*, 360 N.C. 41, 44, 619 S.E.2d 491, 493 (2005) (citations omitted). It is uncontroverted that neither a Form 21 nor a Form 26 has been executed in this matter. Plaintiff argues that the 8 March 2004 order entered by Deputy Commissioner Garner constituted a "prior disability award from the Industrial Commission." Plaintiff cites *Watkins v. Central Motor Lines, Inc.*, 279 N.C. 132, 181 S.E.2d

588 (1971) and *Kisiah v. W.R. Kisiah Plumbing*, 124 N.C. App. 72, 476 S.E.2d 434 (1996) in support of his argument.

In *Watkins*, our Supreme Court stated that an "agreement between the parties on Form 21, approved by the Commission on 16 June 1967, provided for payment of compensation at the rate of $37.50 per week 'for necessary weeks.' This constituted an award by the Commission enforceable, if necessary, by a court decree. G.S. 97-87[.]" *Watkins*, 279 N.C. at 138, 181 S.E.2d at 593. In *Kisiah*, this Court held that a

> Form 21 agreement " 'for the payment of compensation, [once] approved by the Commission, [was] as binding on the parties as an order, decision or award of the Commission unappealed from.' " Once the Form 21 agreement was reached and approved, " 'no party . . . [could] thereafter be heard to deny the truth of the matters therein set forth . . . .' "

*Kisiah*, 124 N.C. App. at 77, 476 S.E.2d 434, 436 (citations omitted).

In the instant case, Plaintiff and Defendant entered into an agreement on 5 January 2004, whereby Defendant agreed to submit a Form 62 and resume temporary total disability benefits for as long as Plaintiff cooperated with all Defendant's vocational efforts. Deputy Commissioner Garner approved this agreement by order filed 8 March 2004, stating:

> the Partial Compromise Settlement Agreement is deemed by the Commission to be fair and just, and in the best interest of all parties. The Agreement is incorporated by reference and is approved in a lump sum amount of $15,320, together with the Employer's agreement to reinstate temporary total disability benefits effective November 1, 2003, in accordance with a Form 62.

The 5 January 2004 agreement entered into between Plaintiff and Defendant makes clear Defendant "admitted [Plaintiff's] right to compensation for [Plaintiff's] leg injuries by submitting a Form 60, dated June 6, 2002[.]" Further, Defendant "agreed to reinstate [Plaintiff's] temporary total disability benefits effective November 1, 2003, pursuant to a Form 62, and Defendant "agrees to submit a Form 62 indicating a resumption of temporary total disability benefits effective November 1, 2003."

*Watkins* and *Kisiah* both involved orders of the Commission ratifying agreements by employers to reinstate employees' disability

benefits pursuant to Form 21. Both of these opinions are consistent with the holding in *Clark* stating that Form 21 agreements entered into between employers and employees, when ratified by the Commission, shift the burden of persuasion concerning the employee's disability from the employee to the employer. *Clark*, 360 N.C. at 44, 619 S.E.2d at 493. In the instant case, Deputy Commissioner Garner ratified an agreement between Plaintiff and Defendant whereby Defendant agreed to, upon the fulfillment of certain conditions by Plaintiff, reinstate Plaintiff's temporary total disability benefits pursuant to Form 62. The submission of a Form 62 does not shift the burden from Plaintiff to prove continuing disability under the Act. *See Id.* We hold that the burden remained on Plaintiff to prove continuing disability under the Act. We hold the language in *Clark* stating that "a prior disability award from the Industrial Commission" shifts the burden of persuasion to employers to rebut a presumption of disability does not encompass orders entered by the Commission ratifying agreements specifically based upon Form 62. To hold otherwise would have a chilling effect on employers' willingness to enter into agreements reinstating disability benefits, and offend the public policy of this State, which encourages settlement of disputes between parties. *North Carolina Baptist Hospitals, Inc. v. Mitchell*, 323 N.C. 528, 533, 374 S.E.2d 844, 846 (1988). The burden remained upon Plaintiff to prove he was disabled as defined in the Act.

Plaintiff has failed to argue that the Full Commission's findings of fact do not support its conclusion that:

> [P]laintiff . . . failed to prove continuing disability as a result of the compensable injury by accident. Plaintiff was not taken out of work by any doctor, was capable of some work but failed to show that he made a reasonable but unsuccessful effort to find employment, and he did not show that it was futile for him to seek employment due to other factors.

Because Plaintiff fails to make this argument in violation of North Carolina Rules of Appellate Procedure, Rule 28(b)(6), and because our review of the Full Commission's findings of fact shows the Full Commission's findings of fact support this conclusion of law, we hold that the Full Commission did not err in concluding that Plaintiff had failed to prove continuing disability. This argument is without merit.

Because we hold the Full Commission's opinion and award contains sufficient findings of fact and appropriate conclusions of law to support its award, we do not address Plaintiff's additional arguments.

Affirmed.

Judges McCULLOUGH and STROUD concur.