HELEN P. JARVIS, EMPLOYEE, PLAINTIFF v. FOOD LION, INC., SELF-INSURED, EMPLOYER, DEFENDANT

No. COA98-1325

(Filed 20 July 1999)

**1. Workers' Compensation— medical testimony—consideration and weight**

There was no error in a workers' compensation action involving carpel tunnel syndrome where plaintiff argued that the Commission erred by giving no weight to a doctor's testimony, but it was clear that the Commission considered the testimony.

JARVIS v. FOOD LION, INC.

[134 N.C. App. 363 (1999)]

### 2. Workers' Compensation— occupational disease—carpel tunnel syndrome

There was competent evidence to support the Industrial Commission's decision in a workers' compensation action that plaintiff had failed to demonstrate that her carpel tunnel syndrome was an occupational disease. Although a doctor testified to the contrary, the Commission determined that there was ample evidence indicating that he did not have a complete set of facts upon which to determine causation.

Appeal by plaintiff from Opinion and Award entered 6 May 1998 and filed 8 June 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 10 June 1999.

*Herman L. Stephens for plaintiff-appellant.*

*Morris York Williams Surles & Barringer, LLP, by John F. Morris and John T. Maheras, for defendant-appellee.*

WALKER, Judge.

On 8 June 1994, plaintiff filed a claim with the Industrial Commission seeking workers' compensation for carpal tunnel syndrome due to repetitive use of her hands while employed by defendant. On 9 April 1997, the deputy commissioner filed an Opinion and Award denying plaintiff's claim based on a finding that she had failed "to establish that her condition was characteristic of and peculiar to her employment and to which the general public is not equally exposed outside of the employment." The deputy commissioner also concluded that the plaintiff's claim was barred by her failure to give written notice within thirty days after being advised by a medical authority that she had contracted an occupational disease which she alleged was related to her employment and by her failure to file the claim within two years of the disability of the alleged occupational disease.

The Commission affirmed the decision of the deputy commissioner. The Commission found that plaintiff was employed as a customer service manager for defendant when she left in 1993. Prior to this position, plaintiff worked as a front-end assistant and cashier for nearly ten years. Plaintiff performed a variety of tasks at her job which included the following: working on the register, bagging groceries, lifting bags of groceries, hiring and training cashiers, using computers, writing frequently, making out schedules for cashiers and

baggers by hand, completing evaluations, using an adding machine, and keeping the books. Plaintiff testified that during the last six months she worked for defendant she experienced pain in her wrists as a result of picking up heavy items which caused her the greatest pain. Her hands would also go numb while adding checks.

In May 1992, plaintiff sought treatment from physician's assistant Gail Marion as a result of a tendon injury suffered ten years earlier. At that time, plaintiff was diagnosed with tendinitis in both wrists. Plaintiff also sought treatment from Dr. Peter Donofrio on 1 October 1992. She told him that she had suffered for a year from pain in her wrists and in the fourth and fifth fingers of her left hand. Plaintiff attributed these symptoms to the repetitive activity of moving grocery items across a scanner. The EMG and nerve conduction studies ordered by Dr. Donofrio were normal. Plaintiff left her employment with defendant on 21 March 1993 as a result of a nervous breakdown. While working for defendant, plaintiff did not miss any time from work due to carpal tunnel syndrome.

The Commission also found:

9. On April 12, 1994, the plaintiff saw Dr. Anthony J. DeFranzo at the Outpatient Rehabilitation Center at Bowman Gray School of Medicine. At the visit, the plaintiff related a history of having a repetitive motion job for about sixteen years. Dr. DeFranzo noted that the plaintiff had been told more than two years prior that she had bilateral carpal tunnel syndrome. The plaintiff further related that nothing on the job aggravated her hands or wrists. Although nerve conduction studies were reported as normal, Dr. DeFranzo recommended surgery for both wrists.

10. Plaintiff was advised by Dr. DeFranzo on April 12, 1994 that she had carpal tunnel syndrome; therefore, her claim before the Industrial Commission was timely filed pursuant to N.C. Gen. Stat. § 97-58.

11. The plaintiff underwent right carpal tunnel release surgery in May of 1994, and on the left in July of 1994. . . .

12. The Full Commission gives no weight to Dr. DeFranzo's opinion that the problems that plaintiff complained of were work-related and that her job was at least aggravating her pain in her arms and wrist. He did not have a demonstration, a video or a written description of the job that plaintiff performed. Instead,

Dr. DeFranzo based his opinion solely on the testimony of the plaintiff and his personal observations while in the grocery stores.

13. Plaintiff's primary duties while employed by defendant-employer were supervisory. There is insufficient medical evidence of record to prove by its greater weight that plaintiff's job duties were repetitive in nature and caused her carpal tunnel syndrome.

14. There is insufficient evidence of record from which to prove by its greater weight that plaintiff's carpal tunnel syndrome is an occupational disease which was due to the causes and conditions characteristic of and peculiar to her employment with defendant-employer and which excluded all ordinary diseases to which the general public was equally exposed.

The Commission then concluded:

1. The plaintiff has failed to carry the burden of proof to establish by competent evidence that she contracted an occupational disease which was characteristic of and peculiar to her employment, within the meaning of N.C. Gen. Stat. § 97-53(13).

2. Plaintiff is, therefore, not entitled to any compensation under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-53(13).

On appeal, plaintiff contends the Commission erred: (1) when it gave "no weight" to Dr. DeFranzo's opinion; (2) by finding there was insufficient medical evidence to prove that plaintiff's carpal tunnel syndrome is an occupational disease; and (3) by failing to address the issue of timely notice to the defendant of plaintiff's carpal tunnel syndrome.

[1] Plaintiff argues that the Commission erred when if gave "no weight" to Dr. DeFranzo's opinion. The Commission "is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and may reject a witness' testimony entirely if warranted by disbelief of that witness." *Pittman v. International Paper Co.*, 132 N.C. App. 151, 156, 510 S.E.2d 705, 709, *disc. review denied*, 350 N.C. 310, —— S.E.2d —— (1999) (*quoting Lineback v. Wake County Board of Commissioners*, 126 N.C. App. 678, 680, 486 S.E.2d 252, 254 (1997)). However, as plaintiff points out, the Commission may not "wholly disregard or ignore competent evidence" and must consider

JARVIS v. FOOD LION, INC.

[134 N.C. App. 363 (1999)]

and evaluate all the evidence before it is rejected. *Id.* However, it is clear that the Commission considered the testimony of Dr. DeFranzo. The Commission stated that it gave no weight to his testimony because: "He did not have a demonstration, a video or a written description of the job that plaintiff performed. Instead. . . [he] based his opinion solely on the testimony of the plaintiff and his personal observations while in the grocery stores." Thus, we find this assignment of error to be without merit.

**[2]** A review of an appeal from the Commission is limited to a determination of whether the findings of fact are supported by any competent evidence and whether those findings support the legal conclusions. *Perry v. Furniture Co.*, 296 N.C. 88, 92, 249 S.E.2d 397, 400 (1978). If the Commission's findings are supported by any competent evidence, they are conclusive on appeal even if there is evidence to support contrary findings. *Carroll v. Burlington Industries*, 81 N.C. App. 384, 387-88, 344 S.E.2d 287, 289 (1986), *affirmed*, 319 N.C. 395, 354 S.E.2d 237 (1987). Therefore, this Court is limited to determining: (1) whether competent evidence exists to support the Commission's findings, and (2) whether those findings justify its conclusions of law. *Lowe v. BE&K Construction Co.*, 121 N.C. App. 570, 573, 468 S.E.2d 396, 397 (1996).

There are three elements which are necessary for the plaintiff to prove in order to show the existence of a compensable occupational disease under N.C. Gen. Stat. § 97-53(13): (1) the disease must be characteristic of persons engaged in a particular trade or occupation in which the plaintiff is engaged; (2) the disease must not be an ordinary disease of life to which the public is equally exposed; and (3) there must be a causal connection between the disease and the plaintiff's employment. *Hansel v. Sherman Textiles*, 304 N.C. 44, 52, 283 S.E.2d 101, 105-06 (1981).

In this case, the Commission considered plaintiff's testimony along with the testimony of three physicians who evaluated plaintiff: Dr. Peter D. Donofrio of the Department of Neurology, Bowman Gray School of Medicine; Dr. Anthony J. DeFranzo of the Outpatient Rehabilitation Center of Bowman Gray School of Medicine; and Dr. Stephen J. Naso of Southern Surgical Associates, Carolina Hand Center.

Dr. Donofrio only saw plaintiff twice and ordered EMG and nerve conduction studies done on plaintiff which were normal. Dr.

DeFranzo testified that plaintiff's occupation was the cause of her carpal tunnel syndrome. However, he admitted that he based his opinion on his visit to defendant's store and from what plaintiff told him about her job duties. The Commission determined that there was ample evidence to indicate that Dr. DeFranzo did not have a complete set of facts upon which to make a determination regarding causation. Dr. Naso was of the opinion that plaintiff's carpal tunnel syndrome was unrelated to her employment with defendant. Dr. Naso's diagnosis and opinions were based on plaintiff's description of her job duties along with a job description provided by defendant. Dr. Naso also noted that according to latest statistics, forty-seven percent of carpal tunnel syndrome cases are due to repetitive motion and fifty-three percent are due to other causes as well as "idiopathic" causes for which there is no known reason.

After considering the testimony of plaintiff's physicians, along with plaintiff's testimony, the Commission determined that plaintiff failed to demonstrate that her carpal tunnel syndrome was an occupational disease "which was characteristic of and peculiar to her employment within the meaning of N.C. Gen. Stat. § 97-53(13)." The Commission is the sole judge of the weight and credibility to be given testimony and its findings will only be set aside on appeal if there is a complete lack of evidence to support them. *Thompson v. Tyson Foods, Inc.*, 119 N.C. App. 411, 414, 458 S.E.2d 746, 748 (1995). Thus, we find there was competent evidence to support the Commission's decision.

Finally, plaintiff argues the Commission erred by failing to address the issue of timely notice to defendant of plaintiff's carpal tunnel syndrome. Since we affirm the Commission's decision denying plaintiff's claim for compensation, we need not address this assignment of error.

Affirmed.

Judges McGEE and EDMUNDS concur.