***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On or about December 23, 1998 the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between the parties at all relevant times.
3. Defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. Plaintiff's average weekly wage was $366.87.
5. The parties further stipulated into evidence approximately 60 or 70 pages of medical records.
6. The following exhibits were received into evidence:
 a. Defendants' Exhibit 1, consisting of MSDS sheet reference to product used 1992 to April 1993.
 b. Defendant's Exhibit 2, consisting of MSDS sheet reference to product used in 1999.
 c. Defendant's Exhibit 3, consisting of an air sampling November 1999.
 d. Defendant's Exhibit 4-7, consisting of four photographs of the premises and machinery.
 Defendant's Exhibit 8, which is a letter dated December 15, 1998 from Hugh D. Vess.
 Defendant's Exhibit 11, which is a letter dated April 4, 2000 from Dr. Peter Alford.
 Defendant's Exhibit 12, which is a letter from Dr. Carol Epling dated October 20, 2000.
 Defendant's Exhibit 13, which is a letter dated November 1, 2000 from Hugh D. Vess.
 Defendant's Exhibit 13, which is a letter dated April 17, 2000 from former defense attorney R. G. Spratt III.
7. Subsequent to the hearing before the Deputy Commissioner, the deposition of Peter Tyler Alford, M.D. dated April 18, 2000 was received into evidence.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, approximately 59 years of age as of the Deputy Commissioner hearing, began working for defendant-employer on May 26, 1970. Her job duties involved operating machinery used to cut brass and aluminum while using Kutwell 40, a lubricant consisting of a mixture of petroleum lubricant and water applied as a mist to the items being cut.
2. On or about December 23, 1998 and for a short period before that, plaintiff began suffering from breathing problems and pains in her chest.
3. Plaintiff was first treated by Dr. Peter T. Alford, a pulmonologist, on December 23, 1998 for shortness of breath and chest pain. Dr. Alford stated that plaintiff's lungs were clear but had decreased air flow. Dr. Alford felt that plaintiff potentially had some occupationally-related lung disease and he put her on inhalers and instructed plaintiff to return in three months. When plaintiff returned on March 23, 1999, Dr. Alford removed plaintiff from work to ascertain if her condition would improve.
4. Plaintiff continued to treat with Dr. Alford for her respiratory problems, which improved moderately due to the combination of being out of work for a few months and the use of the inhalers as prescribed. When plaintiff returned to Dr. Alford in January 2000, he recommended that she return to work on a trial basis. As of the hearing before the Deputy Commissioner, plaintiff had not returned to work in any capacity.
5. Plaintiff smoked a pack of cigarettes a day for twenty-seven years until quitting in approximately 1985. Dr. Alford testified that the findings on plaintiff's pulmonary function test were consistent with plaintiff's smoking history.
6. Dr. Alford also testified that ten to fifteen percent of people in the United States, or approximately fifteen million people, suffer from asthma. He also stated that to his knowledge he had not treated any other patients who had ever worked around Kutwell 40.
7. Dr. Alford stated that he believed that plaintiff's occupational asthma was caused by exposure to Kutwell 40 and petroleum products used in the work environment. However, there is no medical evidence of record that plaintiff was placed at an increased risk of developing asthma as a result of her exposure to Kutwell 40 or any other petroleum products.
8. Plaintiff has failed to prove that she developed an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment with defendant-employer and which excluded all ordinary diseases of life to which the general public was equally exposed.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. An occupational disease is defined as any disease "which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of employment." N.C. Gen. Stat. § 97-53(13).
2. Three elements are necessary to show the existence of a compensable occupational disease: "(1) the disease must be characteristic of persons engaged in a particular trade or occupation in which the plaintiff is engaged; (2) the disease must not be an ordinary disease of life to which the public is equally exposed; and (3) there must be a causal connection between the disease and the plaintiff's employment." Jarvis v. Food Lion,134 N.C. App. 363, 367, 517 S.E.2d 388, 391 (1999), citing Hansel v.Sherman Textiles, 304 N.C. 44, 283 S.E.2d 101 (1981).
3. A disease is characteristic of a profession when there is a recognizable link between the nature of the job and an increased risk of contracting the disease in question. Booker v.Medical Center, 297 N.C. 458, 256 S.E.2d 189 (1979). Plaintiff has failed to show that she was at an increased risk of contracting asthma due to her employment with defendant-employer. Therefore, plaintiff has no occupational disease which was due to causes and conditions characteristic of and peculiar to her employment and which was not an ordinary disease of life to which the general public was equally exposed. N.C. Gen. Stat. § 97-53(13); Booker v. Medical Center, supra.
4. Plaintiff is not entitled to benefits under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff has not proven that she contracted a compensable occupational disease, and therefore her claims must be DENIED.
2. Each side shall pay its own costs.
This the _____ day of March 2002.
 S/_____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________________________ BUCK LATTIMORE CHAIRMAN
S/_____________________________ CHRISTOPHER SCOTT COMMISSIONER
LKM/mhb