GRISELDA GUTIERREZ, Employee, Plaintiff v. GDX AUTOMOTIVE, Employer,.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, Carrier, Defendants

No. COA04-415

(Filed 15 March 2005)

### 1. Workers' Compensation— failure to consider testimony of treating physician—reversible error

The Industrial Commission erred in a workers' compensation case by failing to consider testimony and evidence of plaintiff's treating physicians revealing that plaintiff fully recovered from the back strain she sustained at work on 14 July 1999, because: (1) it is reversible error for the Commission to fail to consider the testimony or records of a treating physician; and (2) the Commission failed to enter a finding of fact regarding the consideration, credibility, or relevancy of a treating physician's deposition testimony.

### 2. Workers' Compensation— causation—reasonable degree of medical certainty

The Industrial Commission erred in a workers' compensation case by awarding plaintiff compensation benefits when no competent evidence showed that plaintiff's symptoms were proximately caused by her injury, because: (1) plaintiff's own treating physicians only testified that plaintiff's injury was a possible cause of her symptoms; and (2) our Supreme Court has specifically rejected "could or might" testimony to prove causation and stated that mere possibility has never been legally competent to ·prove causation.

### 3. Workers' Compensation— disability—sufficiency of evidence

The Industrial Commission erred in a workers' compensation case by concluding that plaintiff has been totally disabled as a direct result of her occupational injury since 5 February 2001, because: (1) plaintiff failed to present any evidence that she has been unsuccessful after a diligent effort to obtain employment,

GUTIERREZ v. GDX AUTO.

[169 N.C. App. 173 (2005)]

and the record showed no evidence that plaintiff made any attempt to obtain any position after 5 February 2001; (2) plaintiff presented no evidence of a preexisting condition preventing her from earning the same or higher wages as she did while employed with defendant; and (3) the Commission's finding that plaintiff was physically incapable of work in any employment based on a doctor's report is unsupported by competent evidence in the record when the doctor testified that his office never assigned plaintiff any specific work restrictions or instructed her not to work, and he further stated that he observed the patient could work.

Appeal by defendants from opinion and award entered 4 December 2003 by Commissioner Pamela T. Young for the North Carolina Industrial Commission. Heard in the Court of Appeals 16 February 2005.

*Brooke & Brooke Attorneys at Law, by Thomas M. Brooke, for plaintiff-appellee.*

*Stiles Byrum & Horne, L.L.P., by Henry C. Byrum, Jr., and Virginia Lee Bailey, for defendants-appellants.*

TYSON, Judge.

GDX Automotive ("GDX") and St. Paul Fire & Marine Insurance Company (collectively, "defendants") appeal from opinion and award entered by the North Carolina Industrial Commission ("the Commission") awarding Griselda Gutierrez ("plaintiff") benefits for an injury she sustained at work. We reverse.

## I. Background

The undisputed findings of fact show that GDX manufactures interior car parts. Plaintiff worked for GDX as an assembler from 28 June 1999 through 28 February 2001. She was approximately thirty years old, had completed approximately three years of high school, and was an undocumented worker of Mexican descent who spoke no English.

On 14 July 1999, plaintiff lifted a bin of parts weighing approximately fifteen pounds and immediately experienced lower back pain. That day, she sought medical attention at ProMed, where Dr. David Mobley ("Dr. Mobley") diagnosed her with a lumbar strain and recommended conservative treatment, to include medications and warm

compresses. On 20 July 1999, plaintiff returned to Dr. Mobley, and he noted an improvement in her condition. Plaintiff reported pain after "bending and lifting and washing and drying clothes."

She returned to ProMed again on 21 July 1999 and was examined by Dr. Ronald Huffman ("Dr. Huffman"). Dr. Huffman's examination revealed good range of motion of plaintiff's back, ability to twist without difficulty, negative straight leg raising, and no neurological symptoms. On 27 July 1999, Dr. Mobley examined plaintiff and approved her to return to work at regular duty, which she resumed that day.

Plaintiff did not seek further medical treatment until 28 March 2000, when she returned to ProMed after injuring her right elbow, and again on 21 September 2000 for treatment for a severe headache. Plaintiff did not complain of back pain during either visit.

Although plaintiff missed work on 9 January 2001, she returned to work. On 15 January 2001, plaintiff sought treatment from Dr. Michael Binder ("Dr. Binder"), a chiropractor, and stated she had been experiencing lower back pain from working on her job for approximately fifteen months. On 17 January 2001, plaintiff presented a chiropractor's note excusing her from work until 19 January 2001. Plaintiff again visited Dr. Binder's office on 5 February 2001 and received work restrictions, which her employer could not accommodate.

On 9 March 2001, plaintiff sought treatment from Dr. Jeffrey Baker ("Dr. Baker"), an orthopaedic surgeon. Dr. Baker diagnosed plaintiff with degenerative disk disease and referred her for physical therapy. Following a hearing, Deputy Commissioner George T. Glenn, II, awarded plaintiff continuing disability compensation and medical treatment for her back injury. Defendants appealed to the Full Commission, which concluded plaintiff was entitled to ongoing temporary total disability compensation and medical treatment for an injury that occurred on 14 July 1999. Defendants appeal.

## II. Issues

The issues presented on appeal are whether the Commission erred by: (1) failing to consider testimony and adjudicate evidence of plaintiff's treating physicians revealing plaintiff fully recovered from the back strain she sustained on 14 July 1999; (2) concluding that plaintiff's alleged back condition after 27 July 1999 proximately resulted from her occupational injury on 14 July 1999; and (3) con-

cluding that plaintiff has been totally disabled as a direct result of her occupational injury since 5 February 2001.

### III.  Standard of Review

On appeal from the Commission in a workers' compensation claim, our standard of review is

> whether there is any competent evidence in the record to support the Commission's findings of fact and whether these findings support the Commission's conclusions of law. The findings of fact made by the Commission are conclusive upon appeal when supported by competent evidence, even when there is evidence to support a finding to the contrary. In weighing the evidence[,] the Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony and may reject a witness'[s] testimony entirely if warranted by disbelief of that witness.

*Plummer v. Henderson Storage Co.*, 118 N.C. App. 727, 730-31, 456 S.E.2d 886, 888 (internal citations omitted), *disc. rev. denied*, 340 N.C. 569, 460 S.E.2d 321 (1995).

### IV.  Testimony of Treating Physicians

[1] Defendants contend the trial court erred by failing to consider testimony and to adjudicate evidence from plaintiff's two treating physicians that plaintiff fully recovered from her back strain injury. We agree.

Defendants concede that credibility determinations of the Commission are binding on appeal, but argue the Commission may not ignore competent evidence when weighing the evidence. We have repeatedly held "[i]t is reversible error for the Commission to fail to consider the testimony or records of a treating physician." *Whitfield v. Lab Corp. of America*, 158 N.C. App. 341, 348, 581 S.E.2d 778, 784 (2003) (citing *Jenkins v. Easco Aluminum Corp.*, 142 N.C. App. 71, 78, 541 S.E.2d 510, 515 (2001)). Further, before finding the facts, the Commission "must consider and evaluate all the evidence before it is rejected." *Jarvis v. Food Lion*, 134 N.C. App. 363, 366-67, 517 S.E.2d 388, 391 (1999) (citations omitted), *disc. rev. denied*, 351 N.C. 356, 541 S.E.2d 139 (1999).

Here, plaintiff failed to report any problems regarding her back injury during several subsequent visits to ProMed after her back injury and when she was treated by Dr. Eric Troyer ("Dr. Troyer")

for her headaches and menstrual problems. Defendant contends that plaintiff's failure to inform ProMed and Dr. Troyer of any continuing back injuries in 2000 shows that she was not experiencing pain or other difficulty with her back during that year. Although this evidence tends to indicate that plaintiff had no further difficulty with her back after she was released to return to work, it is not for this Court to weigh the evidence. *See Plummer*, 118 N.C. App. at 730, 456 S.E.2d at 888.

The opinion and award entered by the Commission shows that it recognized that plaintiff was treated by other physicians for unrelated injuries during the course of her treatment for the back injury. The Commission found, "Plaintiff sought treatment at ProMed for the treatment of other injuries . . .," but entered no findings regarding plaintiff's treatment with Dr. Troyer. A review of Dr. Troyer's deposition reveals that plaintiff, who was seeking treatment for symptoms totally unrelated to her back injury, omitted any reference to her back injury or back pain when giving her medical history to Dr. Troyer. The Commission is not required to receive evidence from every physician who had treated plaintiff, but is required to enter findings of fact regarding material evidence properly presented to and considered by the Commission. *See Whitfield*, 158 N.C. App. at 348, 581 S.E.2d at 784. The Commission erred by failing to enter a finding of fact regarding the consideration, credibility, or relevancy of Dr. Troyer's deposition testimony.

## V. Causation

[2] Defendants also contend the Commission erred by awarding plaintiff compensation benefits when no competent evidence shows plaintiff's symptoms were proximately caused by her injury. We agree.

It is well-settled in our jurisprudence that "[i]n a worker's compensation claim, the employee has the burden of proving that his claim is compensable . . . [and] must prove that the accident was a causal factor by a preponderance of the evidence." *Holley v. ACTS, Inc.*, 357 N.C. 228, 231-32, 581 S.E.2d 750, 752 (2003) (internal quotations and citations omitted). "Although expert testimony as to the possible cause of a medical condition is admissible if helpful to the jury, it is insufficient to prove causation, particularly when there is additional evidence or testimony showing the expert's opinion to be a guess or mere speculation . . . ." *Id.* at 233, 581 S.E.2d at 753 (internal quotations and citations omitted). In *Holley*, our Supreme Court

GUTIERREZ v. GDX AUTO.

[169 N.C. App. 173 (2005)]

held, "the entirety of causation evidence before the Commission failed to meet the reasonable degree of medical certainty standard necessary to establish a causal link between plaintiff's twisting injury and her [disabling condition]." 357 N.C. at 234, 581 S.E.2d at 754. The Court specifically noted the evidence and the plaintiff's medical history showed several potential causes of the injury.

Here, plaintiff's own treating physicians only testified that plaintiff's injury was a "possible" cause of her symptoms. This evidence is insufficient to support plaintiff's burden of proving causation to establish compensability. *Id.*

Plaintiff argues Dr. Baker's testimony that plaintiff's injury "could or might have resulted in the symptoms presented" is sufficient to establish compensability. Our Supreme Court specifically rejected "could or might" testimony to prove causation and stated, "mere possibility has never been legally competent to prove causation." *Id.* at 234, 581 S.E.2d at 753. Plaintiff's argument is without merit.

No evidence supports a finding of causation by the Commission. Without competent evidence, the Commission's conclusions are likewise unsupported and the opinion and award must be reversed.

## IV. Disability

[3] Defendants also argue that the Commission erred by concluding plaintiff was disabled as a result of her injury. In addition to and as an alternative basis to support reversal of the Commission's opinion and award, we agree with defendants' argument.

We have stated:

[D]isability as defined in the [Workers' Compensation] Act is the impairment of the injured employee's earning capacity rather than physical disablement. *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 434, 342 S.E.2d 798, 804 (1986). The burden is on the employee to show that [s]he is unable to earn the same wages [s]he had earned before the injury, either in the same employment or in other employment. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982).

*Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). In meeting this burden, plaintiff must show:

(1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable

GUTIERREZ v. GDX AUTO.

[169 N.C. App. 173 (2005)]

of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, *i.e.*, age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

*Id.* (internal citations omitted).

Plaintiff failed to present any evidence that she has been unsuccessful after a diligent effort to obtain employment. Our review of the record shows *no* evidence that plaintiff made *any* attempt to obtain any position after 5 February 2001. Further, plaintiff presented no evidence of a preexisting condition preventing her from earning the same or higher wages as she did while employed with GDX.

The Commission found plaintiff was physically incapable of work in any employment based on Dr. Baker's report. This finding of fact is unsupported by any competent evidence in the record. Dr. Baker testified that his office never assigned plaintiff any specific work restrictions or instructed her not to work. He testified to the contrary and stated, "What I observed in the patient, she could work."

Without any evidence to support the Commission's finding that Dr. Baker "indicated that plaintiff was unable to work," the Commissions finding of disability constitutes a separate and independent reason to reverse the Commission's opinion and award.

## VII. Conclusion

The Commission failed to make any finding of fact revealing that it considered the deposition testimony from Dr. Troyer, plaintiff's treating physician. The Commission further erred by concluding plaintiff's injury, which she sustained while working for GDX, was the proximate cause of her symptoms. Without any evidence to support the causation element, the Commission erred in awarding plaintiff compensation benefits. The Commission erred by determining plaintiff was disabled, when no competent evidence in the record supports this conclusion.

The opinion and award is reversed.

Reversed.

Judges McGEE and GEER concur.