* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral argument before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence or rehear the parties or their representatives; accordingly, the Full Commission affirms, with minor modifications, the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Commission, and the Commission has jurisdiction of the parties and the subject matter.
2. Employee is Dennis Brizell.
3. Employer is Kroger, which was self-insured on October 12, 2004.
4. The servicing agent for Kroger at the time of the alleged injuries was Sedgwick Claims.
5. Defendant-employer regularly employs three or more employees and is bound by the North Carolina Workers' Compensation Act. An employer-employee relationship existed between the employer and the employee on October 12, 2004, the date of the alleged injury.
6. The average weekly wage is $184.55 resulting in a weekly compensation rate of $123.09.
7. Employee claims he has not worked from February 22, 2005, to the present.
In addition, the parties stipulated into evidence the following:
1. Packet of documents including Industrial Commission forms, employment records, medical records and reports.
2. Additional medical records submitted May 19, 2005.
3. Further medical records submitted June 6, 2005.
Plaintiff attempted to add medical records, not stipulated to by defendants, after the record was closed, but those records were not received into evidence.
The Pre-Trial Agreement dated May 5, 2005, which was submitted by the parties is incorporated by reference.
 * * * * * * * * * * *
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is twenty-nine years old and a high school graduate who has taken additional college and vocational courses, with an emphasis on computer-related subjects. Prior to his employment with defendant, he was employed for relatively short periods of time with a number of employers, including A P, Shop Rite, Food Town, Sound City Warehouse, Computers, Inc. and Wal-Mart. While working for at least four of those employers, he allegedly sustained injuries at work for which he claimed workers' compensation benefits.
2. The only known prior back injury reportedly occurred while plaintiff was pulling a pallet jack during his employment with Shop Rite grocery store in New Jersey in March 2003. Dr. John Vitolo and Dr. Richard S. Nachwalter, orthopedic surgeons, subsequently treated him in New Jersey for complaints of pain throughout his back and neck. Dr. Vitolo ordered an MRI of the cervical, thoracic and lumbar spine, which revealed diffuse degenerative changes in the cervical spine, small disc herniations at T6-7 and T9-10, and moderate to severe degenerative changes at L5-S1. Since plaintiff had no evidence of radicular symptoms or spinal cord compression, the doctors treated him conservatively with physical therapy, medication and rest. He was out of work for several months. Whenever the doctor would release him for light work, he would later return to the physician stating that he could only work a day or less because he could not tolerate the increased pain.
3. By June 2003, Dr. Nachwalter noted that plaintiff appeared comfortable despite his persistent complaints of back and neck pain and despite a trip to the emergency room. Dr. Nachwalter also noted that plaintiff's reported symptoms did not follow any particular anatomic distribution and had atypical radiation, that his physical examination was unremarkable and that he had had ample opportunity to heal. Dr. Nachwalter ordered a functional capacity evaluation, which was performed that month. The evaluation revealed mild findings of sub-maximum effort, but demonstrated that plaintiff was at least able to perform light to medium work, with lifting up to thirty-five pounds. Dr. Nachwalter then released plaintiff from medical care with those restrictions.
4. Plaintiff did not return to work for Shop Rite but moved to North Carolina and was unemployed until he got a job with Wal-Mart as an unloader for the night crew. After a few weeks of work, he injured his ankle on the job and never went back to work for that employer. His workers' compensation claim for that injury was settled with a compromise settlement agreement.
5. On September 17, 2004, plaintiff began working for defendant as a night stocker. His job duties included placing grocery items on a cart, pulling the cart to the aisles and placing the individual items onto the shelves. During the first several weeks of his employment, he never worked all of the hours assigned to him on the weekly schedule. On one occasion, he went to his car and slept for four hours, and on another occasion he left work early without telling his supervisor, Dennis Chadwell. Mr. Chadwell found plaintiff's behavior to be erratic, with sluggish motor skills as well as occasional slurred speech and dilated pupils. When Mr. Chadwell informed management about the problem and asked about the substance plaintiff was taking from a bottle, he was informed that plaintiff was taking medication for depression.
6. Plaintiff has alleged that he sustained a compensable injury at work on October 12, 2004, when he lifted a pallet while working on the detergent aisle. The Full Commission does not find plaintiff's allegation to be credible in view of the following: plaintiff's history of frequent workers' compensation claims, the fact that he gave a somewhat different account of his alleged injury shortly afterward, the fact that his subsequently reported symptoms and behavior followed the same pattern as those in 2003, his poor work performance in the weeks preceding the alleged incident and his demeanor as noted by the Deputy Commissioner at the hearing.
7. No finding is made regarding whether plaintiff actually had back problems on and after October 12, 2004; however, he was treated for complaints of neck, mid back and low back pain by Dr. Elston at Doctors Urgent Care and then by Dr. Charron, an orthopedic surgeon. Dr. Charron released plaintiff to return to work at light-duty with no lifting of more than ten pounds on a part-time basis and later on a full time basis. Defendants provided suitable work "blocking" products on the shelves, which involved pulling items forward to form a neat line on the shelves after customers had removed some of the products. The store also gave him a step stool to use in order to reach the higher shelves; however, he refused to use the stool and limited himself more than Dr. Charron's restrictions.
8. Although defendant provided suitable light work which plaintiff was capable of performing, he refused to work the hours scheduled and ultimately went on a medical leave of absence. Even assuming that he was having back problems, the Full Commission finds his allegation that he was unable to work and earn wages was not supported by the greater weight of the credible medical evidence.
9. The Full Commission finds that plaintiff did not prove he sustained a back injury due either to a specific traumatic incident of the work assigned or to an injury by accident arising out of and in the course of his employment on October 12, 2004, or at any other time during his employment with defendant. Further, there was insufficient medical evidence to prove any period of total disability after October 12, 2004.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The Industrial Commission is the sole judge of the credibility of the evidence. The Commission may accept or reject the testimony of a witness, entirely or in part, and is not required to accept even the uncontradicted testimony of a witness. Gaddy vs. Kern, 17 N.C. App. 680, 195 S.E.2d 141
(1973). The Commission decides the weight to be given to the testimony of a witness and may reject such testimony completely if warranted by the disbelief of that witness. Jarvis v. FoodLion, Inc., 134 N.C. App. 363, 517 S.E.2d 388 (1999).
2. Plaintiff has failed to prove by the greater weight of the evidence that he sustained a compensable injury by accident or specific traumatic incident as a result of the work assigned on or about October 12, 2004, or at any other time. Causby v.Bernhardt Furniture Co., 83 N.C. App. 650; 351 S.E.2d 106
(1986). Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers Compensation Act. N.C. Gen. Stat. § 97-2(6).
 * * * * * * * * * * *
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This the __ day of June 2006.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER