**MATTHEWS v. WAKE FOREST UNIV.**

[187 N.C. App. 780 (2007)]

KAREN MATTHEWS, Employee, Plaintiff-Appellee v. WAKE FOREST UNIVERSITY, Employer, Self-Insured, Defendant-Appellant

No. COA06-1549

(Filed 18 December 2007)

### 1. Workers' Compensation— aggravation of existing psychological condition—disability

The Industrial Commission did not err by finding that plaintiff was disabled as a result of her compensable injury where the Commission found that chronic pain and physical restrictions resulting from plaintiff's compensable injury aggravated her existing non-disabling psychological condition.

### 2. Workers' Compensation— credibility of expert witnesses— Commission as sole arbiter

The Industrial Commission did not err in a workers' compensation proceeding by not determining the competency of plaintiff's expert witnesses. The Commission is the sole arbiter of credibility, and the Commission here was under no obligation to consider the deputy commissioner's finding regarding the credibility of plaintiff's medical experts.

### 3. Workers' Compensation— physician's report—not considered—not treating physician

The Industrial Commission did not err in a workers' compensation proceeding by not addressing and considering a psychiatric report. The physician in this case generated his report in the course of determinating eligibility for benefits rather than as a treating physician. No opinion was given on whether plaintiff's compensable injury aggravated her psychiatric condition, the overriding issue in this case.

Appeal by defendant from opinion and award entered 29 June 2006 by the Full Commission. Heard in the Court of Appeals 30 August 2007.

*The Geraghty Law Firm, by Maureen Geraghty, for plaintiff.*

*Womble Carlyle Sandridge & Rice, PLLC, by Phillip J. Mohr, for defendant.*

ELMORE, Judge.

Karen Matthews (plaintiff) worked as a buyer's assistant for Wake Forest University (defendant). Plaintiff suffered from depression, starting in the 1980s. She had particular difficulty following her parents' deaths in the 1980s and a burglary of her home in 1998. On 30 June 1999, plaintiff suffered a compensable injury when she tripped over a planter and injured her right knee, left wrist, and right foot. She received treatment and did not miss any work as a result of the injury. On 10 January 2000, plaintiff again tripped over a planter, sustaining injuries to her right knee and right shoulder.

Following the second injury, "[p]laintiff had increasing difficulty managing her physical limitations, chronic pain and medical treatment . . . ." Plaintiff began suffering increased psychological problems, due in part to her son's impending nuptials. Plaintiff began crying frequently and having trouble maintaining her work load. In addition, plaintiff experienced difficulty adapting to defendant's shift to a new computer program. Plaintiff met with supervisors several times, who counseled her on her lack of productivity, told her not to bring work home with her, and "that it was her decision to come to work when she was in pain."

Eventually, plaintiff received an opinion that although she was physically able to return to work, she "was incapable of employment . . . due to depression, anxiety, post-traumatic stress and regional pain syndrome in the upper right extremity." In June, 2002, plaintiff's doctor concluded that she was "at maximum medical improvement physically," but stated that "he 'would not release her to return to work without an agreement from her psychiatrist because of the potential difficulty that she may encounter secondary to her psychiatric history.' "

On 29 October 2004, Deputy Commissioner Lorrie L. Dollar filed an opinion and award in favor of defendant, concluding that plaintiff "failed to offer competent evidence that her psychiatric condition was materially aggravated by her compensable injuries to an extent that she was incapable of earning wages." The deputy commissioner rejected "the medical and psychiatric opinion testimony" plaintiff offered, concluding that it rested "on the inaccurate history related by plaintiff, as well as impermissible tampering with medical witnesses during the course of the treatment as well as prior to the depositions." The deputy commissioner emphasized that plaintiff's psychiatric condition was not the result of her compensable injuries, nor was it sub-

stantially aggravated by them. Rather, her worsened psychiatric condition was the result of her difficulties in learning a new computer program at work and her son's wedding. The deputy commissioner stressed that "[a]ny testimony to the contrary is simply not credible, particularly when read with [her attorney] Ms. Geraghty's instruction to her client to make sure [her treating psychiatrist] Dr. [Wayne H.] Denton and [therapist] Mr. [Johnny Marvin] Mullen noted chronic pain as a source of her depression." The deputy commissioner therefore denied plaintiff benefits based on her psychological problems.[1]

Plaintiff appealed the decision to the Full Commission, which wholly disregarded the deputy commissioner's findings and her Opinion and Award. Instead, the Full Commission found as fact that plaintiff's psychological problems were aggravated by the compensable injuries, and concluded that her psychological problems were therefore also compensable. The Full Commission did not address plaintiff's alleged tampering of witnesses. Defendant now appeals.

[1] Defendant's first argument on appeal is that the Full Commission erred in finding that plaintiff was disabled from work as a result of her compensable injury.

> Our review of the Commission's opinion and award is limited to determining whether competent evidence of record supports the findings of fact and whether the findings of fact, in turn, support the conclusions of law. If there is any competent evidence supporting the Commission's findings of fact, those findings will not be disturbed on appeal despite evidence to the contrary. However, the Commission's conclusions of law are reviewed *de novo*.

*Oxendine v. TWL, Inc.*, 184 N.C. App. 162, 164, 645 S.E.2d 864, 865 (2007) (citation and quotations omitted). In this case, the Full Commission found that "[a]s a result of her chronic pain and physical restrictions resulting from her compensable January 10, 2000 injury and the aggravation and acceleration of her pre-existing non-disabling psychological condition due to her compensable injury. . . ", Plaintiff has been incapable of working in any employment since June 28, 2000." This finding is supported by the testimony of Dr. Denton and Mr. Mullen. As such, we may not substitute our own judgment for that of the Full Commission. *See, e.g., Deese v. Champion Int'l Corp.*, 352 N.C. 109, 115, 530 S.E.2d 549, 552 (2000)

---

1. Plaintiff did receive other benefits, not pertinent to this appeal, in the deputy commissioner's 29 October 2004 Opinion and Award.

(holding that "on appeal, an appellate court does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.") (citation, quotations, and alterations omitted).

We note defendant's contention that although the Full Commission's Conclusion of Law no. 2 states that plaintiff was "physically and mentally" unable to work, her doctors had, in fact, cleared her physically for some work. However, it is well established that one of the ways in which a plaintiff may prove disability is through "the production of medical evidence that he is physically *or* mentally, as a consequence of the work related injury, incapable of work in any employment." *Britt v. Gator Wood, Inc.*, 185 N.C. App. 677, 681, 648 S.E.2d 917, 920 (2007) (quotations and citation omitted, emphasis added). Either physical or mental incapacity is sufficient. Moreover, we stress that the Full Commission explicitly noted plaintiff's ability to perform "light-duty work."

[2] Defendant's next argument, that the Full Commission failed to determine the competency of plaintiff's expert witnesses, is likewise to no avail. We find defendant's allegations that plaintiff's counsel engaged in impermissible witness tampering troublesome, and we are not at all comforted by plaintiff's counsel's assertions that her alleged misconduct was simply zealous advocacy. Notwithstanding our discomfort, however, plaintiff is correct that this issue is not properly before this Court.

> Whether the full Commission conducts a hearing or reviews a cold record, N.C.G.S. § 97-85 places the ultimate fact-finding function with the Commission—not the hearing officer. It is the Commission that ultimately determines credibility, whether from a cold record or from live testimony. Consequently, in reversing the deputy commissioner's credibility findings, the full Commission is not required to demonstrate that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one.

*Deese*, 352 N.C. at 115, 530 S.E.2d at 552 (quotations, citation, and alteration omitted). The Full Commission was under no obligation to consider the deputy commissioner's finding regarding the credibility of plaintiff's medical experts. Under the law as our Supreme Court has articulated it, defendant's argument is without merit. Because the

Full Commission is the sole arbiter of credibility, defendant's arguments regarding alleged conflicts between defendant's doctors' notes and deposition testimony are also futile.

[3] Finally, defendant contends that "[t]he Full Commission erred in failing to address and consider Dr. Richard Spencer's 2001 psychiatric report . . . .." Defendant argues that this Court's decision in *Gutierrez v. GDX Auto.*, 169 N.C. App. 173, 609 S.E.2d 445 (2005), requires the Full Commission "to enter findings regarding material evidence properly presented to the Commission." Although we agree with defendant's assertion generally, we find its argument unpersuasive in the present appeal.

As plaintiff notes, the *Gutierrez* case deals with medical evidence presented by a "treating physician." *Id.* at 176-77, 609 S.E.2d at 448. Dr. Spencer generated his report not as a treating physician, but in the course of an examination pursuant to a determination of plaintiff's eligibility for disability benefits. *Gutierrez* is therefore distinguishable.

Although defendant represents that Dr. Spencer "determined [plaintiff] had histrionic pain disorder" in its brief, the actual report states only that Dr. Spencer "[s]trongly suspect[ed] somatization disorder, ie [sic], histrionic pain disorder." Defendant suggests that because "[t]he report was generated during a time plaintiff claimed disability as a result of her work injuries," it "was therefore relevant to the exact point in controversy." However, in the report, Dr. Spencer gives no opinion on the overriding issue in this case: whether plaintiff's compensable injury aggravated her psychiatric condition. On these facts, we are unwilling to hold that the Full Commission erred in not addressing this evidence.

Having conducted a thorough review of the record and briefs, we can discern no error in the Full Commission's opinion and award. Accordingly, we must affirm.

Affirmed.

Judges STEELMAN and STROUD concur.