Sherri Midgett, Employee, Plaintiff-Appellee,
v.
FOOD LION, LLC, Employer, Self-Insured, RISK MANAGEMENT SERVICES, INC., Carrier, Defendants-Appellants.
No. COA08-1268
Court of Appeals of North Carolina.
Filed June 2, 2009
William F. Ward, III, P.A. for Plaintiff-Appellee.
Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Tracie H. Brisson and Erin T. Collins, for Defendants-Appellants.
McGEE, Judge.
Sherri Midgett (Plaintiff) was employed by Food Lion, LLC (Defendant) in New Bern as an office assistant and cashier in January 2004. Plaintiff attempted to lift a bag of coins from the floor of a safe on 24 January 2004. The bag of coins weighed in excess of twenty-five pounds. When Plaintiff attempted to lift the bag, "it . . . jolted her" and she "felt a sharp pinch in her low back and resulting pain in her lower back." Plaintiff continued to experience back pain over the next four days. While Plaintiff was at home on 28 January 2004, she attempted to lift a plastic box fan weighing approximately two to three pounds. At that time, Plaintiff felt "a stabbing pain in her low back in the same area she injured on 24 January 2004." Plaintiff immediately sought emergency medical attention for the pain. Plaintiff attempted to work the next day but was unable to work because she was in "excruciating pain." Plaintiff received medical treatment from Dr. Phillip Bounous (Dr. Bounous) who ordered an MRI of Plaintiff's lower back. The MRI showed that Plaintiff had a bulging disc and nerve root impingement. Dr. Bounous referred Plaintiff to Dr. Mark Held (Dr. Held), a neurosurgeon, in March 2004. Dr. Bounous continued to treat Plaintiff and ordered her to remain out of work until 17 May 2005.
Defendant's insurance carrier, Risk Management Services, Inc. (RMS), denied Plaintiff's workers' compensation claim on 14 October 2004. Plaintiff filed a request for her claim to be assigned for hearing before the Industrial Commission (the Commission) on 17 March 2005. Deputy Commissioner Ronnie E. Rowell issued an opinion and award on 21 June 2007, finding that Plaintiff had suffered a compensable injury. Defendant and RMS (Defendants) filed a notice of appeal to the Commission on 27 June 2007. The Commission reviewed Plaintiff's case on 14 November 2007 and filed an opinion and award on 22 May 2008, finding Plaintiff suffered a compensable injury. Commissioner Buck Lattimore dissented from the Commission's opinion and award. Defendants filed notice of appeal on 20 June 2008.

I.
Defendants argue the Commission erred in finding Plaintiff had suffered a "compensable injury" because there was not competent evidence to support the Commission's finding that Plaintiff's injury was the result of a specific traumatic incident that occurred at work. Defendants contend that "at most, [Plaintiff] experienced transient pain at work and not a specific traumatic incident." Defendants specifically assign error to the Commission's reliance on Dr. Held's testimony, arguing his testimony was too speculative to determine medical causation.
Our standard of review on appeal from the Commission in a workers' compensation claim is
"whether there is any competent evidence in the record to support the Commission's findings of fact and whether these findings support the Commission's conclusions of law. The findings of fact made by the Commission are conclusive upon appeal when supported by competent evidence, even when there is evidence to support a finding to the contrary." Gutierrez v. GDX Auto., 169 N.C. App. 173, 176, 609 S.E.2d 445, 447-48 (quoting Plummer v. Henderson Storage Co., 118 N.C. App. 727, 730, 456 S.E.2d 886, 888 (internal citations omitted), disc. review denied, 340 N.C. 569, 460 S.E.2d 321 (1995)), disc. review denied, 359 N.C. 851, 619 S.E.2d 408 (2005).
"In a workers' compensation claim, the employee `has the burden of proving that his claim is compensable.'" Holley v. ACTS, Inc., 357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003) (quoting Henry v. Leather Co., 231 N.C. 477, 479, 57 S.E.2d 760, 761 (1950)). "Aninjury is compensable as employment-related if any reasonable relationship to employment exists. Although the employment-related accident need not be the sole causative force to render an injury compensable, the plaintiff must prove that the accident was a causal factor by a preponderance of the evidence." Id. at 231-32, 581 S.E.2d at 752 (citations and internal quotations omitted).
When a particular type of injury involves "'complicated medical questions far removed from the ordinary experience and knowledge of lay[persons], only an expert can give competent opinion evidence as to the cause of the injury.'" Id. at 232, 581 S.E.2d at 753 (quotingClick v. Freight Carriers, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980)). "'The evidence must be such as to take the case out of the realm of conjecture and remote possibility, that is, there must be sufficient competent evidence tending to show a proximate causal relation.'" Id. (quoting Gilmore v. Board of Education, 222 N.C. 358, 365, 23 S.E.2d 292, 296 (1942)). "Our Supreme Court specifically rejected `could or might' testimony to prove causation and stated, `mere possibility has never been legally competent to prove causation.'" Gutierrez, 169 N.C. App. at 178, 609 S.E.2d at 449 (quoting Holley, 357 N.C. at 234, 581 S.E.2d at 753-54).
In both Holley and Gutierrez, our Supreme Court held the expert testimony of physicians was not sufficient to establish medical causation. In Holley, the plaintiff's physicians testified that they could not say to "a reasonable degree of medical certainty" that the plaintiff's work incident was a significantcontributing factor in causing the plaintiff's injury, and that they didn't "really know what caused [the plaintiff's injury]," there were "just a galaxy of possibilities." Holley, 357 N.C. at 233, 581 S.E.2d at 753-54. In Gutierrez, the plaintiff's treating physicians "only testified that plaintiff's injury was a `possible' cause of her symptoms." Gutierrez, 169 N.C. App. at 178, 609 S.E.2d at 449.
In the present case, Plaintiff's back injury, a bulging disc and nerve root impingement, is the type of injury requiring expert testimony regarding causation. See Seay v. Wal-Mart Stores, Inc., 180 N.C. App. 432, 436, 637 S.E.2d 299, 302 (2006) (finding ruptured disks and protrusions complicated enough to require that causation be established through expert opinion). Plaintiff presented to the Commission the 4 August 2006 deposition testimony of Dr. Held regarding the cause of Plaintiff's back injury. Dr. Held was a board certified neurosurgeon and stipulated expert in neurosurgery. Dr. Held began treating Plaintiff in March 2004.
Defendants argue Dr. Held's testimony was not sufficient to establish causation. In his deposition, Dr. Held testified that "if I had to guess what was the precipitating event, I would say that [it was] the one where [Plaintiff] was lifting the heavier object in a more compromised position." Dr. Held also testified to a reasonable degree of medical certainty, that lifting the bag of coins was capable of producing Plaintiff's disc protrusion and could have contributed to the conditions documented on Plaintiff's MRI. Dr. Held testified that he could not say that lifting the boxfan at home was more likely than not the precipitating event of Plaintiff's pain. Dr. Held further testified that if Plaintiff had initially told him about the bag-lifting incident, "it would've been an open-and-shut situation." Finally, Dr. Held was given a detailed hypothetical question which assumed facts the Commission found to be consistent with the greater weight of the competent evidence presented. After being presented with this detailed hypothetical question supported by the evidence, Dr. Held testified he "would be more likely to believe that it was the initial event" of lifting the heavier bag of coins that caused Plaintiff's injury. (emphasis added).
Although the word "guess" does indicate some degree of speculation, we find the present case distinguishable from Holley and Gutierrez. Dr. Held's causation testimony was based on more than a "mere possibility." We find that Plaintiff presented sufficient competent evidence to establish medical causation by a preponderance of the evidence. Therefore, we hold that the medical evidence as to causation was sufficient to support the Commission's findings of fact and conclusions of law that the 24 January 2004 bag-lifting incident "significantly contributed to [P]laintiff's injury and disability."

II.
Defendants argue the Commission erred by awarding Plaintiff disability benefits when the record was "devoid of any competent evidence demonstrating that [Plaintiff] [was] physically incapable of work in any employment as a consequence of the alleged workinjury." However, Defendants do not dispute that Plaintiff was disabled, but rather contest that the evidence presented to the Commission did not support that Plaintiff was disabled because of a work-related injury. Because we hold there was competent evidence to support the Commission's finding that Plaintiff's injury was work-related, Defendants' argument is without merit.
Defendants did not argue their remaining assignments of error and therefore they are abandoned pursuant to N.C.R. App. P. 28(b)(6).
Affirmed.
Judges ROBERT C. HUNTER and BEASLEY concur.
Report per Rule 30(e).