***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments of the parties. The appealing party has shown good grounds to reconsider the evidence. The Full Commission reverses the Opinion and Award of Deputy Commissioner Griffin and enters the following Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Commission, and this is the Court of proper *Page 2 
jurisdiction for this action.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. On the date of injury, the parties were subject to, and bound by, the provisions of the North Carolina Workers' Compensation Act.
4. At all relevant times, an employment relationship existed between the parties.
5. Risk Management Services, Inc. is the compensation carrier on the risk.
6. All of Plaintiff's medical records will be submitted as a Stipulated Exhibit.
7. All Industrial Commission forms and filings will be submitted as a Stipulated Exhibit.
8. All discovery exchanged between the parties will be submitted as a Stipulated Exhibit.
9. All pre-trial discovery has been completed and all relevant documents have been exchanged.
10. Plaintiff's average weekly wage is $353.48. This yields a compensation rate of $235.66.
11. Plaintiff's alleged date of injury is approximately October 5, 2007.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, Employee-Plaintiff was 57 years old. Plaintiff began working for the Defendant in 2003. Plaintiff initially began *Page 3 
working in the Fuquay Varina store for Employer-Defendant and was transferred to the Clayton store in May 2007. Plaintiff worked in the produce department for approximately 2 ½ days and then worked as a cashier for approximately 3 months. Thereafter, Employee-Plaintiff went from working in the Deli to the Front Line and then back to the Deli.
2. Employee-Plaintiff began working as a service associate/bagger and served in this position for approximately 3 weeks. Employee-Plaintiff's job duties as a service associate included bagging groceries, gathering carts in the corral and bringing them back to the vestibule of the store and various cleaning activities. Employee-Plaintiff's job duties also included cleaning the bathrooms, mopping and sweeping the floors and cleaning the break area. Employee-Plaintiff's job duties were varied and she completed various work tasks throughout the day. Employee-Plaintiff never had to lift over 50 lbs.
3. Employee-Plaintiff testified that she never experienced an injury or accident in October 2007 but testified that she was having problems pulling in the carts and experienced an onset of pain in her right arm. Pulling carts was a normal part of employee-plaintiff's job duties. There were other employees defendant-employer who performed the same duties as employee-plaintiff. Everyone performed their job duties at the same rate or at a faster rate than employee-plaintiff performed her own job duties.
4. Plaintiff indicated that in October of 2007 she began to have problems gathering and corralling the carts and experienced pain in her right arm. Employee-Plaintiff reported her symptoms to her supervisor who directed her to Urgent Care for treatment.
5. While employee-plaintiff was treating at Urgent Care, she was referred to Dr. Hari Kuncha, a physical medicine physician, for further evaluation. Dr. Kuncha diagnosed paintiff with right medial epicondylitis and right shoulder bursitis. *Page 4 
6. On October 16, 2007, employee-plaintiff presented to Dr. Kuncha with right shoulder and elbow pain, and Dr. Kuncha diagnosed her with bursitis and epicondylitis. 7. Dr. Kuncha treated employee-plaintiff conservatively with injections, anti-inflammatory medications and muscle relaxers, and when she failed to respond to conservative treatment he referred her for physical therapy.
8. On January 24, 2008, employee-plaintiff had resolving right medial epicondylitis and resolving right subdeltoid bursitis and indicated that employee-plaintiff could return to full duty at work.
9. Dr. Kuncha released Employee-Plaintiff to return to full work duty again in April 2008 as her examination was within functional limits, and Dr. Kuncha was unable to reproduce the same signs and symptoms as she initially exhibited at the beginning of her treatment. 10. Dr. Kuncha provided varied opinions in this matter that were unsupported by the competent and credible evidence of record. Based on the equivocal nature of Dr. Kuncha's testimony as to causation and Dr. Kuncha's failure to support his opinions as to causation with the competent and credible evidence of record, the Full Commission finds that Dr. Kuncha's testimony is not competent evidence as to causation and is insufficient.
11. The Full Commission finds that Dr. Kuncha continuously changed his opinion as to causation throughout his deposition testimony and his opinions were based on speculation and conjecture. Dr. Kuncha attempted to testify that employee-plaintiff's job duties were repetitive but he was not aware of the specific job duties for the service associate position but continued to speculate and make conclusions regarding plaintiff's job duties.
12. Dr. Kuncha further testified that there was an aggravation of a pre-existing condition and varied his testimony as to causation and/or an aggravation of bursitis or *Page 5 
epicondylitis. However, given Dr. Kuncha's lack of understanding of plaintiff's actual job duties, the undersigned find that Dr. Kuncha's testimony was insufficient to establish the necessary causal relationship for plaintiff's condition to be compensable as an occupational disease.
13. Plaintiff has failed establish that she sought employment and was turned down for a job with a potential employer as a result of any alleged work-related disability. Plaintiff produced no evidence of job searches or employment logs to establish that she engaged in a reasonable job search and no medical evidence has been presented to the Full Commission to suggest that as a consequence of an injury, plaintiff was unable to work in any employment.
14. Plaintiff has failed to prove that she developed an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment with Defendant-Employer and which excluded all ordinary diseases of life to which the general public was equally exposed.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. An occupational disease is a condition "which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of employment." N.C. Gen. Stat. § 97-53(13).
2. Three elements are necessary to show the existence of a compensable occupational disease: "(1) the disease must be characteristic of persons engaged in a particular *Page 6 
trade or occupation in which the plaintiff is engaged; (2) the disease must not be an ordinary disease of life to which the public is equally exposed; and (3) there must be a causal connection between the disease and the plaintiff's employment." Jarvis v.Food Lion, 134 N.C. App. 363, 367, 517 S.E.2d 388, 391 (1999), citing Hansel v. Sherman Textiles,304 N.C. 44, 283 S.E.2d 101 (1981).
3. A disease is characteristic of a profession when there is a recognizable link between the nature of the job and an increased risk of contracting the disease in question. Booker v. MedicalCenter, 297 N.C. 458, 256 S.E.2d 189 (1979). Plaintiff has failed to show that she was at an increased risk of contracting epicondylitis or bursitis due to her employment with defendant-employer. Therefore, plaintiff has failed to prove that she suffers from an occupational disease that was due to or caused by conditions characteristic of and peculiar to her employment and which was not an ordinary disease of life to which the general public was equally exposed. N.C. Gen. Stat. § 97-53(13); Booker v. Medical Center,supra.
4. Expert opinion that rests on speculation and conjecture, or unproven facts, is not sufficiently reliable to qualify as competent evidence concerning the nature and cause of the injury. Young v.Hickory Bus. Furn., 353 N.C. 277, 538 S.E.2d 912 (2000). As Dr. Kuncha's testimony regarding the causation of plaintiff's epicondylitis or bursitis was based upon unproven facts and conjecture, Dr. Kuncha's opinion is not sufficiently reliable to qualify as competent evidence concerning the nature and cause of plaintiff's injuries. Id.
5. Employee-Plaintiff, therefore, is not entitled to benefits under the Workers' Compensation Act. Id.; N.C. Gen. Stat. § 97-2 et seq.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission *Page 7 
enters the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall pay their own costs of this appeal.
3. Plaintiff's October 1, 2009 Motion for Rule 37 Sanctions is hereby DENIED.
This the ___ th day of October 2009.
 S/___________________
 STACI T. MEYER
 COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER